## JULIA REAGAN v. THE STATE.

### No. 5204.    Decided January 22, 1919.

**1.—Murder—Evidence—Experiments—Dissimilarity of Conditions.**

Where, upon trial of murder and a conviction of manslaughter, the. State introduced before the jury several sheets of white cardboard paper, at which the same pistol with the same kind of cartridges used by defendant had been fired by some officers who were witnesses in experimenting, in order to determine the distance at which a pistol fired at paper would cause powder burn, etc., over the objection of the defendant, and the evidence showed that the deceased wore dark clothes and it was not shown that the position of the wound was such that the powder burn would have shown, etc., there was such dissimilarity between the experiment and the facts which rendered the testimony inadmissible. Following Morton v. State, 71 S. W. Rep., 281, and other cases.

**2.—Same Provoking Difficulty—Charge of Court.**

Upon trial of murder and a conviction of manslaughter, the court's charge on provoking the difficulty should have been made more applicable to the facts, although correct in the abstract.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Carlos Bee,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Under an indictment for murder appellant was convicted of manslaughter.

One of the issues submitted to the jury by the trial court was that of self-defense. The theory of appellant on this issue was that at the time the fatal shot was fired the deceased was so near the appellant that he was able to reach her with his hand and that he was in the act of attempting to make an assault upon her and to take from her the pistol with which the homicide was committed. The theory of the State was that appellant was not making any assault and was not near to the appellant at the time the shot was fired, but was at some distance from her. The deceased was wearing dark clothes of a texture undisclosed by the evidence and a white cotton shirt with black stripes in it. One shot was fired and the bullet is described as entering the body between the second and third ribs on the right chest, coming out at the arm pit. The bullet would go through the upper part of the left lung. A State's witness testified as follows: "I examined him very particularly as his body lay there on the floor and I made an examination for powder burns. . . . There was no powder burns on the shirt or on his clothing anywhere." The State introduced before the jury several sheets of white cardboard paper at which the same pistol with the same kind of cartridges used

by appellant had been fired by some officers who were witnesses in experimenting in order to determine the distance at which a pistol fired at paper would cause powder burns. Three tests appear to have been made, one at eighteen inches, the others at various distances up to five feet, and the paper exhibited was stained with powder from the pistol. This evidence was objected to on various grounds.

The admissibility of experiments similar to their nature to the original transaction have often been before the judicial tribunals and the general proposition laid down that if an experiment is made under similar conditions and tends to elucidate some contested issue, that it ought to be received. Clark v. State, 38 Texas Crim. Rep., 30; Wharton's Crim. Ev., vol. 1, p. 610. Applying this rule to facts substantially like those arising in the present instance, this court, in Morton v. State, 71 S. W. Rep., 281, rejected evidence disclosing a test for powder burns made upon pasteboard. From that case we take the following quotation:

"Evidence was introduced of experiments made by the sheriff and another party in regard to the effect of powder fired from a pistol upon a pasteboard at distances ranging from ten down to three feet. This seems to have been admitted in order to show the distance of the weapon from deceased's head at the time of the homicide. Some of the witnesses testify to powder burns on the head and neck near where the bullet entered. For a discussion of this matter see Clark v. State, 38 Texas Crim. Rep., 30, 40 S. W. Rep., 992; 12 Am. & Eng. Ency. of Law (2nd ed.), p. 407. Under the rule laid down in these authorities, we do not believe this testimony was admissible. The text in the twelfth volume of the Encyclopedia of Law, supra, thus states the rule: 'Where a party seeks to show, by evidence of experiments, that the alleged result would or would not follow from the conditions proved, the experiments, evidence of which is sought to be introduced, must have been made under circumstances and conditions similar to those constituting, as it were, the premises from which the original event is alleged to have been the conclusion. Thus, where a material question was the distance between the muzzle of the gun and the body of the victim of an alleged murderous design, evidence was excluded of the result of experiments as to powder marks made upon pasteboard targets by firing a gun at varying distances, upon the ground that the human body is fundamentally different in nature and texture from the substance upon which the experiments were made.' See notes 1 and 2 for collation of authorities, on page 407. The requirement of this rule is that there shall be similar or nearly similar circumstances and conditions in order to admit this character of evidence; and it does not exact more than what is denominated 'substantial' or 'reasonable' similarity, and this means such a degree of similarity as that evidence of the experiments will accomplish the desideratum of assisting the jury to intelligently consider the issue of fact presented in regard to this matter. See note 2, on page 408, and note 1, on page 409, for collation of authorities. Under this

rule, and the cited authorities, we are of opinion the evidence of experiments testified to by the sheriff should have been excluded. Test on the pasteboard was not similar, or nearly so, to firing at skin of the human being."

Cases in which a like decision has been rendered are: People v. Solans, 6 Cal. App., 103, 91 Pac. Rep., 654; Hisler v. State, 52 Fla., 30, 42 So. Rep., 692; State v. Fletcher, 24 Ore., 295, 33 Pac. Rep., 575; People v. Fiori, 123 App. Div., 174, 108 N. Y. Sup., 416.

The rejection of the evidence in Morton's case is not upon the ground that it is an experiment or hearsay, but upon the ground that the conditions are not sufficiently similar to render the evidence admissible. The application of this rule to the evidence in this case is obvious. The deceased wore dark clothes, whether wool or cotton is not shown. He wore a cotton shirt, but it is not shown that the position of the wound was such that powder burns would have been upon the part of the shirt bosom which was exposed. We infer from the evidence, showing the location of the wounds, that the first contact of the bullet was with the coat which deceased wore. The dissimilarity of the coat from the paper that was used in the experiments is manifest, and there is an absence of evidence that the effect of powder on the cloth would be similar to that on paper, and, in our judgment, the facts bring it clearly within the rule applied by the court in the case mentioned.

The court's charge upon the subject of provoking the difficulty is criticised, and upon another trial, if that issue is submitted, the court writing the charge should follow the established precedents. In the present instance it, instead of informing the jury that if appellant, designing to kill or seriously injure the deceased, intentionally provoked the difficulty by the use of means reasonably calculated thereto for the purpose of bringing on an attack, told the jury that "if she was engaged in the commission of a felony and to prevent its commission, the party seeing it, or about to be injured thereby, makes a violent assault upon her, calculated to produce death or serious bodily harm and in resisting such assault she slew her assailant, the law would impute the original wrong to the homicide and make her offense murder." And in the charge applying the law of provoking the difficulty to manslaughter he used similar language with reference to an act which would be a misdemeanor.

These doubtless are correct propositions of law but they are abstract and might be misleading.

We order a reversal of the case, not because of an error in the charge but because of the error in the admission of the evidence discussed. We do not approve of the charge, however, and suggest that upon another trial it be differently framed.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*