## Bruce Adkison v. The State.

No. 13671.   Delivered November 12, 1930.
Reported in 32 S. W. (2d) 462.

The opinion states the case.

*R. C. Roland* and *David E. O'Fiel*, both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for nine years.

Appellant shot and killed F. Aleman. According to the testimony of the state, deceased was standing near a service car when appellant approached and, without provocation, shot him with a pistol. Deceased was unarmed. It was appellant's theory, supported by his testimony and that of his witnesses, that deceased had previously stolen a watch from him; that he went to the scene of the homicide for the purpose of procuring his watch from deceased; that when he asked deceased for his watch deceased approached him in a manner that led him to believe that he was going to attack him with a knife; that believing his life was in danger, he fired upon deceased.

The court defined self-defense, but nowhere in the charge gave to the jury instructions relating to the application of the law of self-defense to the facts in evidence. Timely and proper exception calling the court's attention to the omission was duly presented in writing, but the court declined to amend the charge. The charge does not meet the statutory demand that the court shall "deliver to the jury a written charge distinctly setting forth the law applicable to the case." Art. 658, C. C. P. That it was the duty of the court to make application of the law of self-defense to the facts in evidence is well settled. Guajardo v. State, 24 S. W. (2d) 56; Edwards v. State, 259 S. W. 578; Reagan v. State, 208 S. W. 523.

The state's case was an unprovoked homicide. Appellant's case was perfect self-defense. The only question seems to have been who made the first attack. The opinion is expressed that appellant's exception to the charge on the ground that the issue of provoking the difficulty should not be submitted was well taken. Branch's Annotated Penal Code, Section 1955.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.