Opinion approved by the Court.

## ED FRANK MATTHEWS V. STATE

No. 28,553. November 7, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 16, 1957.

*Stone and Stone,* by *Richard L. Stone,* Jacksonville, for appellant.

*Robert W. Murphey,* District Attorney, Nacogdoches, *Paul B. Cox,* County Attorney, Rusk, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder without malice; the punishment, 5 years.

The appellant and deceased were brothers, and the homicide occurred near the home of their father. Both of the participants and one of the witnesses admittedly had been drinking. Shortly before the homicide, there was some discussion between the appellant and the deceased about which one was "the best man."

Mary Joe Jones, a neighbor, testified that she came upon the party of men, including her brother, near the mouth of a lane; that she brought her automobile to a halt; that the deceased and her brother came over to where she was sitting; and that shortly thereafter the appellant joined them. She stated that the appellant put a knife to the throat of the deceased and made the remark, which is not explained in the record, "If you'll kick sand, I'll cut your throat." She stated further that she advised the appellant against the use of violence, and he put up his knife when the deceased told him he did not want to fight him. She stated that she became frightened and began to back her automobile toward her house from whence she had come, and that during the course of her retreat she saw the appellant with a shotgun in his hands and heard it fire but that she did not see the deceased at this moment and the last time she had seen him he was going up the lane toward his father's home.

All the evidence shows that immediately after the shooting the appellant left the scene of the homicide in his automobile and left the task of rendering aid to his brother to others.

It was established by medical testimony that the deceased died as the result of the shotgun wound.

The appellant testified that he brought his automobile to a halt in the lane and got out because the deceased had invited him out to fight, denied the knife incident as described by Mary Joe, and stated that he got his 410 gauge shotgun out of his automobile to unload it, but that before he could do so the deceased grabbed the barrel of the shotgun in one hand, and attempted to take hold of him with the other hand, and the gun accidentally discharged as the result of the deceased's effort to take it from him. He stated that he had not cocked the gun prior to the encounter and did not know how the firing pin got into the position to fire. He stated that he held on to the gun because he was afraid that if he turned it loose the deceased would use it on him. He stated that he left the scene because another of his brothers had assaulted him following

the firing of the gun. He was supported by the testimony of another witness as to the proximity of the parties at the time the gun was discharged.

The jury rejected the defense of accident and, applying the presumption of intent to injure established by Article 1139, V.A.P.C., we find the evidence sufficient to support the conviction.

The first ground for reversal urged by able counsel in his brief grows out of the testimony of the sheriff concerning certain experiments he made with the appellant's shotgun.

Reliance is had upon Morton v. State, 43 Texas Cr. Rep. 533, 71 S.W. 281; Reagan v. State, 84 Texas Cr. Rep. 468, 208 S.W. 523; and Roberts v. State, 117 Texas Cr. Rep. 418, 35 S.W. 2d 175, which hold that the results of an experiment concerning powder burns are not admissible unless it is shown that the experiment was conducted under similar conditions to those existing at the time of the homicide. The evidence here adduced dealt with the size of the pattern of shot and not powder burns. No eye witness for the state gave any testimony as to the respective positions of the parties at the time the shot was fired. One said that he did not see the shooting, and the other testified that she did not see the deceased at the time she heard the shot.

The doctor, in describing the wound, stated, "Well, it was, roughly, smaller than a fifty cent piece. Just slightly. You could cover this wound with a fifty cent piece."

The sheriff testified that he was familiar with the pattern of shots and had made experiments and fired a 410 shotgun and that at a distance of four feet it made "a pattern about hardly as large as a half dollar."

The record discloses that the question was asked the sheriff, and answered, and then the next question was propounded before any objection was leveled at the first question. No reason is assigned for the delay, *and at no time was the court ever requested to withdraw the answer from the jury's consideration.* No error is reflected by the bill. Renfro v. State, 156 Texas Cr. Rep. 400, 242 S.W. 2d 773.

Appellant next contends that the trial court erred in failing to instruct a verdict of not guilty at the close of the state's case on the grounds of the insufficiency of the evidence. We

need not pass upon the sufficiency of the evidence at this point because the appellant proceeded to develop other evidence which filled in such missing links as there may have been in the state's case.

Finding no reversible error, the judgment of the trial court is affirmed.