HENRY SMITH v. THE STATE.

No. 1438.   Decided January 24, 1912.

1.—Assault to Murder—Charge of Court—Aggravated Assault.

Where defendant's version presented self-defense but showed no act or conduct that would reduce the offense, if any, to aggravated assault, there was no error in the court's failure to charge on aggravated assault.

2.—Same—Charge of Court—Self-Defense.

Where, upon trial of assault to murder, the court's charge fairly applied the law to the evidence on self-defense, there was no error.

3.—Same—Grand Jury—Bill of Exceptions—Statutes Construed.

Where the grand jury was organized in accordance with the provisions of article 387, Code Criminal Procedure, there was no error; besides, there was no bill of exceptions in the record.

Appeal from the District Court of Orange. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Bisland & Adams,* for appellant.—On the question of the court's charge on self-defense and defendant's standpoint of danger: Beard v. State, 47 Texas Crim. Rep., 50; Ayers v. Com. (Ky.), 108 S. W. Rep., 320.

On the question of the court's charge and apparent and actual danger: Phipps v. State, 31 S. W. Rep., 397; Brady v. State, 65 id., 521; Cornelius v. State, 112 id., 1050.

On the question of the court's failure to charge on aggravated assault: Goode v. State, 24 S. W. Rep., 102; Sowell v. State, id., 504; Martinez v. State, 33 id., 970; Carter v. State, 13 id., 147; Wilson v. State, 38 id., 1013; Moore v. State, 33 Texas Crim. Rep., 306.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with assault to murder, was convicted and his punishment assessed at three years in the penitentiary.

Appellant insists that the court erred in not submitting the issue of aggravated assault. Bob Williams, the alleged injured party, testified: "There was a big gang of us and we came along the road, and he stopped me and Henry and a big gang of us stopped by Jo Perry's and he said, 'Have you got some money?' Henry Smith said that to me. I said, 'I don't want your money,' and he said, 'You have got to take it.' I said I don't want it and he said I had to take it and he hauled off and hit me in the face two times—hit me with his hand, just slapped me in the face. He slapped me two times. I said what do you want to slap me for? and he slapped me again, and I started towards him and he said, 'You stay here until I come back and I will bring a gun and blow your damn brains out,' and he started home and was gone about fifteen minutes—he said, 'I will kill you wherever I see you;' and as I was coming out of the house I saw him and I saw I would have to take a chance, and he saw me when I got behind the bushes and he shot me with a 38 or 40 I think it was—just shot me one time—and hit me right here in the breast on the left side. He just shot me once and the ball went in here and came out back under my shoulder. After he shot me I went at him."

This witness is corroborated by the other witnesses for the State in the fact that he was not doing anything to appellant at the time he was shot.

Appellant's version presents self-defense, but states no act or conduct that would reduce the offense, if he was guilty of any offense, to an aggravated assault, and on the question of self-defense the court charged the jury:

"Upon the law of self-defense you are instructed that if from the acts of the said Bob Williams, or from his words coupled with his acts, there was created in the mind of the defendant a reasonable apprehension that he (the defendant) was in danger of losing his life or of suffering serious bodily harm at the hands of said Bob Williams, then the defendant had the right to defend himself from such danger or apparent danger as it reasonably appeared to him at the time, viewed from his standpoint. And a party so unlawfully attacked is not bound to retreat in order to avoid the necessity of killing his assailant. If you believe that the defendant committed the assault as a means of defense, believing at the time he did so (if he did do so) that he was in danger of losing his life or of serious bodily injury at the hands of said Bob Williams then you will acquit the defendant, and if you have a reasonable doubt as to whether or not the defendant acted in self-defense at the time he shot the said Williams you will give him the benefit of such doubt and find him not guilty." This charge is not subject to the criticism contained in the motion for new trial, and fairly presented the question under the evidence.

The question of the organization of the grand jury is not presented in a way that we can consider it, there being no bill of exceptions in the record. However, if it were presented it seems that the grand jury was organized under and in accordance with the provisions of article 387 of the Code of Criminal Procedure.

Judgment affirmed.

*Affirmed.*