### E. B. Edwards v. The State.

#### No. 7980.   Decided March 5, 1924.

**Murder—Charge of Court—Application of Law to the Facts.**

Where, upon trial of murder, the jury were not directed in the court's charge as to what facts they must find to be true before a conviction could result, and notwithstanding a specific and timely objection was presented calling attention to the fact that the charge contained only abstract statements of the law but made no application thereof to the facts, the charge was permitted to go to the jury, the same is reversible error. Following Marshall v. State, 40 Texas Crim. Rep., 200, and other cases.

Appeal from the District Court of San Patricio.   Tried below befor the Honorable T. M. Cox.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Jas. B. Wells* and *Hicks, Hicks, Dickson & Bobbett,* for appellant. Cited cases in the opinion.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, and *Sid B. Malone,* District Attorney, for the State.

HAWKINS, Judge.—Conviction is for murder with punishment assessed at five years confinement in the penitentiary.

There is only one bill of exception in the record and we confine our discussion to the point raised by it.   It relates to a crticism of the court's charge.   In the first paragraph thereof the court defines murder; in the second, gives the distinguishing features of that crime; in the third sets out the punishment for murder; in the fourth states that no conviction for murder can be had unless the party charged therewith was actuated by malice aforethought; in the fifth defines malice aforethought; the sixth relates to the character of weapon used and the effect thereof; in the seventh is a general statement of the law of self-defense and a direct application thereof to the facts of the case; the eighth and concluing paragraph is on the burden of proof and presumption of innocence.   It will be seen from the foregoing that nowhere in the charge is there an application of the law to the facts except on the issue of self-defense. Nowhere is the jury directed as to what facts they must find to be true before a conviction could result.   Notwithstanding a specific and timely objection was presented calling attention to the fact that the charge contained only abstract statements of the law but made no

application thereof the charge was permitted to go to the jury in its present form. We take the following quotation from Marshall v. State, 40 Texas, 200.

''The charge of the court excepted to is composed of definitions of murder, assault with intent to murder, an aggravated assault, and a common assault, together with explanatory provisions relating thereto, extracted from the penal code. There is no effort in giving the charge to the jury to 'distinctly set forth the law applicable to the case,' as developed by the facts proved on the trial . . . .''

For this omission the judgment was reversed.

From Miles v. State, 1 Texas Crim. App., 510 we quote.

''On the trial of a criminal case it is not proper for the judge to announce merely the general principles of law defining the offense charged, but he ought also to instruct the jury on the law applicable to the particular case before them by the facts proved.''

To the same effect see Francis v. State, 7 Texas Crim. App., 501; Roijas v. State, 9 Texas Crim. App., 95; Davis v. State, 10 Texas Crim. App., 31; Smith v. State, 65 Texas Crim. Rep., 65, 148 S. W. Rep., 699.

For the omission in the charge to apply the law to the facts of the case the judgment must be reversed and the cause remanded.

*Reversed and remanded.*