**Thomas Lamar HOWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–00867–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1983.

Richard Deguerin, Percy Foreman, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before COHEN, JACK SMITH and BULLOCK, JJ.

OPINION

COHEN, Justice.

A jury convicted the appellant of murder and the court set the appellant's sentence at imprisonment for twenty years.

We reverse the judgment because the court failed to apply the law of parties to the facts of the case despite timely objection by the appellant.

The indictment alleged that the appellant intentionally and knowingly caused the death of Paul Phillip Steffler by shooting him with a gun, a violation of Penal Code § 19.02(a)(1). The undisputed evidence,

however, was that Steffler's death was caused by Robert S. Lane, a co-defendant of the appellant who was also charged in a separate indictment with the same offense. Lane testified as an accomplice witness on behalf of the State at the appellant's trial. Lane had already pleaded guilty to the same offense and was awaiting sentencing at the time of his testimony. There was no evidence from any source that the appellant shot Steffler, the State's theory being that the appellant was guilty as a party to the offense along with Lane. The court charged the jury in the abstract in accordance with the provisions of Penal Code §§ 7.01(a) and 7.02(a)(2).

The portion of the charge applying the law to the facts stated:

Now, if you should find and believe from the evidence beyond a reasonable doubt that on or about the 25th day of February 1982, in Harris County, Texas, the defendant, Thomas Lamar Howell, acting alone or with another as a party to the offense, as that term is defined above, did intentionally or knowingly cause the death of one Paul Phillip Steffler by shooting him with a gun, as set forth in the indictment, then you will find the defendant guilty of murder as charged in the indictment. If you do not so find, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

The appellant made a timely written objection to the charge because, "The court has failed in its charge to apply the law of parties to the evidence in this case." He further made a timely written request for a charge applying the law of parties to the facts of the case. The court overruled the objection and denied the requested jury instruction.

In *Jaycon v. State,* 651 S.W.2d 803, 807–808 (Tex.Cr.App.1983), the court reversed a conviction for murder in identical circumstances. It stated:

In *Romo v. State,* 568 S.W.2d 298 (Tex.Cr. App.1978 (opinion on State's motion for rehearing), the court stated: "In circumstances where a defendant if guilty at all,

is guilty as a party, the court should apply the law of parties to the facts of the case but failure to do so is not reversible error unless there is a timely and sufficient objection." See also *Bowers v. State,* 570 S.W.2d 929 (Tex.Cr.App.1978). In the instant case the appellant made a timely and proper objection to the court and the error, if any, was preserved.

■ The Court of Criminal Appeals on other occasions has reached the same result upon facts indistinguishable from those in the case at bar. See *Apodaca v. State,* 589 S.W.2d 696 (Tex.Cr.App.1979); *Romo v. State,* 568 S.W.2d 298 (opinion on State's motion for rehearing) (Tex.Cr.App.1978); *McCuin v. State,* 505 S.W.2d 827 (Tex.Cr. App.1974). Consequently, we must sustain grounds of error one and two.

■ Although not raised by the appellant, there is another issue which should be mentioned in order to avoid a reversal if the case is tried again. The charge authorized the jury to convict the appellant if he, *acting alone,* caused the death of Steffler by shooting him with a gun. The State concedes there was no evidence that appellant, acting alone, shot Steffler. Thus, the charge seems to permit the jury to convict the appellant on a theory unsupported by the evidence. Denial of the defendant's objection to such a charge resulted in reversal in *Savant v. State,* 544 S.W.2d 408, 409 (Tex.Cr.App.1977) and *Oliver v. State,* 160 Tex.Cr.R. 222, 268 S.W.2d 467, 470 (opinion on appellant's motion for rehearing) (Tex. Cr.App.1954) and should be avoided in the event of another trial. See also *Wells v. State,* 634 S.W.2d 868, 871 (Tex.App.— Houston [1st Dist.] 1982, pet. den.) holding that such error is not fundamental and will cause a reversal only when a timely and specific objection is made.

The judgment is reversed and the cause is remanded for trial.