**Daniel Wayne WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 896–89.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 18, 1991.

Rehearing Denied Oct. 23, 1991.

Certiorari Denied March 23, 1992. See 112 S.Ct. 1481.

---

Daniel Wayne Walker, pro se.

Jack Skeen, Jr., Dist. Atty., Michael J. Sandlin, Asst. Dist. Atty., Tyler, Robert S.W.2d 808.

---

2. *Heath v. State,* 817 S.W.2d 335; *Levy v. State,* 818 S.W.2d 801; and *Fullbright v. State,* 818

Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of the offense of burglary of a building. The trial court assessed punishment at forty years confinement. The Court of Appeals reversed the conviction and ordered an acquittal. *Walker v. State,* 823 S.W.2d 302 (Tex.App.—Tyler, 1989). We granted review to determine whether the evidence was sufficient to sustain the conviction in light of the jury charge. We will affirm the judgment of the Court of Appeals.

The indictment in this case alleged appellant committed this offense as a primary actor. The court's charge included an abstract instruction on the law of parties. The application paragraph tracked the language of the indictment but failed to include any reference to the immediately preceding general parties instruction.

The Court of Appeals found that the charge allowed the jury to convict only if they found appellant guilty by his own conduct. The Court of Appeals reviewed the evidence to determine whether any rational trier of fact could have found appellant guilty beyond a reasonable doubt as a result of appellant's own conduct. Finding there was no evidence that appellant entered the building the Court of Appeals reversed and ordered an acquittal.

In *Jones v. State,* 815 S.W.2d 667 (Tex. Cr.App.1991) (reh'g denied this day), we held that in order for the jury to be authorized to convict one as a party, the law of parties must be included in the application paragraph of the charge. *Jones,* 815 S.W.2d at 669. Since the law of parties was not included in the application paragraph in this cause, we must determine whether the evidence is sufficient to find appellant guilty by his own conduct.

The State's case was based entirely on circumstantial evidence. Police responded to a burglar alarm at a K–Mart store shortly after 1:30 a.m. There were no eyewitnesses and the burglars fled before police could arrive. The store had been entered by shattering a glass door connecting the fenced-in garden center area to the enclosed part of the building. Two televisions were recovered from this garden area. Police found two sets of footprints coming from the store which led them to four shotguns in a grassy area adjacent to the store.

The weapons had been taken by breaking a glass case. One of the burglars cut himself on the glass and bled considerably in and outside the store. Blood was found on the shotguns, on and near the glass case, and outside the store. No blood was found on the televisions. This, combined with the two sets of footprints, led police to believe that at least two people were involved. Samples of the blood were taken. The televisions were dusted for fingerprints. No usable fingerprints were found on the shotguns or inside the store. No blood test comparison was sought for appellant since the officers believed it was the other burglar who cut himself. An anonymous tip led police to suspect appellant. Some of the prints found were made by appellant's right palm consistent with carrying the television, as opposed to merely handling it as it sat on a sixty-six inch high shelf. Other prints found on the television were not identified.

Appellant was arrested seven weeks later. At the time of his apprehension appellant gave the officer a false name. Officers informed appellant only that the charge was burglary and gave him no details. While appellant was in the booking area of the jail, he spoke with an unidentified individual he knew. One officer overheard appellant say, "They got me in here for the burglary of K–Mart up north but I didn't do it."

Viewing the evidence in the light most favorable to the verdict, we find the State proved at most that appellant picked up one of the televisions. None of the State's

evidence showed appellant actually entered the building himself, although it can certainly be inferred from the evidence that he did so. When approached by police, appellant lied about his identity and exhibited some guilty knowledge about the offense while at the jail. This allows the inference that appellant knew about the burglary and was somehow involved.

One reasonable possibility is that appellant entered the building and carried the television to the garden area. Another reasonable hypothesis is that appellant waited outside the building and carried the television handed to him by the one who entered the store. This is entirely consistent with the statement made by appellant at the jail, the palm print evidence and the location of the televisions.

The evidence must be reviewed to determine whether it supports the finding that appellant was guilty by virtue of his own conduct. Since this is a circumstantial evidence case, we must determine whether the evidence excludes every reasonable hypothesis other than the guilt of appellant by his own conduct. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983). The evidence does not exclude the reasonable hypothesis that appellant was guilty only as a party. Therefore, the evidence is insufficient to support the conviction when viewed *in light of the charge given.* Accordingly, the judgment of the Court of Appeals is affirmed.[1]

BENAVIDES, J., concurs in the result.

CLINTON, Judge, concurring.

"In all criminal prosecutions the accused shall have a speedy public *trial by an impartial jury.*" Article I, § 10, Constitution of Texas. "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities ... except by the *due course of the law of the land.*" *Id.*, § 19.[1]

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." Article 36.13, V.A.C.C.P. Therefore, in every case tried to a jury, before the argument begins the trial judge shall "deliver to the jury ... a written charge *distinctly* setting forth *the law applicable to the case* [.]" Article 36.14, V.A.C.C.P.

Such was the essential function of a jury charge at common law, and still is under the statutes. A fundamental principle of our jurisprudence is that only material factual issues tendered by pleadings, primarily the charging instrument, and raised by evidence are submitted to the jury.[2] In some

---

1. The Court of Appeals correctly recognized:
   At trial, the State made no request that the law of parties be applied to the facts of the case; neither did the State object to the court's failure to do so. Hence, unobjected to error of the trial court in failing to apply the law of parties to the facts cannot be said to transform the insufficiency of the evidence to mere "trial error" that may require reversal. but not acquittal, under jeopardy's rule. (citations omitted).
   823 S.W.2d at 309.

1. "To guard against transgressions of the high powers of government herein delegated [by the people]," the framers declared that "everything in this 'Bill of Rights' is excepted out of the general powers of government, and *shall forever remain inviolate,* and all laws contrary thereto ... shall be void." *Id.*, at 29. (All emphasis here and throughout this opinion is mine unless otherwise indicated.)

2. Further, the judge is admonished that the charge of the court must not express any opinion as to the weight of the evidence, sum up the testimony, discuss the facts or use any argument "calculated to arouse the sympathy or excite the passions of the jury." *Ibid.*

   As the language suggests, that a trial court is to charge the jury on the law applicable to the facts of the case is a requisite prescribed in like terms by Old Code articles 594–595. See generally *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr. App.1985) (Opinion on Rehearing, at 161). But there were several precursors.

   First, in an effort to placate restless "Texians," the congress of the State of Coahuila and Texas offered a "Plan for the Better Regulation of the Administration of Justice in Texas;" "Of the Trial Criminal Plenario" provided that after all testimony and argument by the parties, "The judge shall then make such observations upon the evidence and facts deduced in the trial as he may think proper and necessary for the instruction of the jury, who shall then retire for deliberation." Decree No. 277, article 72, (1834), 1 Gammel's Laws of Texas 364, at 372 ("Gammel's").

   The following year, however, Texians created a Provisional Government of Texas with a plan of governance that, *inter alia,* implicitly rejected

the "Texas Plan" in favor of their own preference for common law, *viz:*

"All trials shall be by jury, and in criminal cases the proceedings shall be regulated and conducted upon the principles of the common law of England[.]"

Plan and Powers of the Provisional Government of Texas, article VII (Nov. 13, 1835), 1 Gammel's 911. Similarly the Constitution of the Republic directed Congress to introduce by statute the common law of England, and mandated that "in all criminal cases, the common law shall be the rule of decision." Article IV, § 13, *Id.,* at 1074. Congress soon passed an Act to establish jurisdiction and powers of district courts, § 43 of which provided:

"No judge of any of said courts shall charge the jury as to the weight of the evidence in any cause civil or criminal, but such judge may sum up the testimony, and *shall* charge the jury as to any matter of law arising thereon[.]"

Act of December 22, 1836, § 43, *Id.,* 1258, at 1269–1270.

Shortly after gaining statehood the Legislature passed an Act to Regulate Proceedings in District Courts, § 99 of which provided in pertinent part, *viz:*

". . . After the argument of a cause, and before the jury retires from the bar, the judge may deliver a charge to the jury, but under the following restrictions and regulations: the judge shall not in any case, civil or criminal, charge or [comment] on the weight of the evidence or testimony, and he shall so frame his charge as to submit questions of facts to the decision of the jury, and he *shall decide on and instruct them as to the law arising on the facts,* distinctly separating all questions of law from questions of fact; and no judge shall, in any case, make any further charge, unless on the application of the jury or a party."

Act of May 13, 1846, § 99, 2 Gammels' 1669, at 1696. Under that statement of requisites the Supreme Court of Texas would say:

"It, undoubtedly, was . . . the duty of the Judge, to give in charge to the jury the law of the case, without regard to what had, or had not, been read to them by counsel, either for or against the prisoner. * * * * The Judge is the organ and expositor of the law, and is placed on the bench to explain it to the jury. It is not only his privilege, *in all cases,* but his duty, when called on, to state what the law is. In the language of the Court of Appeals of Kentucky, 'If the Judge had not the right to decide on the law, error, confusion, uncertainty and licentiousness would characterize the criminal trial; and the safety of the accused might be as much endangered, as the stability of public justice certainly would be,' & c.—3 J.J. Marshall, 149.

The jury are the exclusive judges of the facts. The Judge may not charge them as to the weight of evidence. 1 Stat. 209, Sec. 43; Acts of 1846, 390. It is their peculiar and exclusive province to weigh the evidence; and it is their duty to find the facts *alone from the evidence;* and to look for them in no other quarter whatever. For the law, it is their duty to look to the court. In the present case, they were not authorised to give the slightest weight to any admission or statements of counsel as to the facts. The prisoner's counsel had no authority to make any admission or statement, to supply the place or have the force of evidence against him. No confession of theirs could bind or affect him. Their admissions could not, in law, prejudice or affect his rights; nor could they be in anywise jeopardized by the assumption of any grounds whatever, upon which his defence may have been placed by his counsel. Whether those grounds were correct or incorrect, true or false, was wholly immaterial. That was not the question for the consideration of the jury, whose duty it was to decide the question of guilt or innocence, *upon the law as given them by the court, and the evidence as given by the witnesses,* irrespective of any admissions by the prisoner's counsel, or any grounds upon which they may have rested his defence."

*Nels v. The State,* 2 Tex. 280, at 281–283 (1847) (original emphasis).

Still applying the 1846 statute, in similar vein the Supreme Court explained:

"The error assigned in the charge of the court, is, in substance, that it does not distinguish and define the degrees of murder. But it must be observed that the mere omission to give instructions is not error. The court is not bound in any case to give instructions not asked for by the party. If the charge of the court was not satisfactory, it was the right of the defendant, or his counsel, to ask such instructions as he thought proper. . . . It is no objection to the charge of the court, that it supposes the state of fact which the evidence showed really to exist, and deduced the legal conclusion applicable to such state of facts. *That is precisely what every charge should do. That is the design and purpose of giving instructions to the jury; it is to inform them respecting the law applicable to the particular case in hand; and the more exactly the charge is adapted to the very case, the more likely will the jury be to arrive at a correct conclusion in the application of the law to the fact. Instruction beyond what the facts call for can never subserve any beneficial purpose; and may mislead. The charge should be framed and is to be considered in reference to the facts of the case.* And we are of opinion that there was nothing in the evidence in this case to call for an exposition of the law upon the degrees of murder."

*O'Connell v. The State,* 18 Tex. 343, at 363 (1857). Accord: *Atkinson v. The State,* 20 Tex. 522,. at 529 (1857):

"The court below, upon these facts, instructed the jury as to the law, by reading them the charge, *verbatim,* in the *Jordan case* (10 Tex. 492–4), and by giving them other charges, as asked by counsel for the prisoner, on the

cases, of course, material issues may be raised by evidence that need not be alleged, yet should be properly conveyed to the jury for its determination.

Lately, though, there seems to be a tendency to include helter-skelter all sorts of abstract definitions and broad propositions as statutorily prescribed without first determining whether they are germane, in whole or in part, to the pleadings and conformable to the evidence, and then to fail to apply *distinctly* just the material matters of law to the facts of the case. Well illustrative are problems and proposed solutions spawned in the instant cause pertaining to the law of parties, as well as in decisions relied on in separate opinions and cases they cite and discuss involving other matters of law.

As permitted by V.T.C.A. Penal Code, § 7.01(c), the indictment charged appellant committed the offense of burglary of a building "without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another." And, "If the evidence supports a charge on the law of parties, as it does here, the court may charge on the law of parties even though there is no such allegation in the indictment." *Pitts v. State,* 569 S.W.2d 898, at 900 (Tex.Cr.App. 1978); see *Romo v. State,* 568 S.W.2d 298 (Tex.Cr.App.1977).[3]

The majority resolves the instant issue basically on the strength of *Jones v. State,* 815 S.W.2d 667 (Tex.Cr.App.1991), in that the law of parties was not included in the application paragraph of the charge. Judge Miller views the situation of the charge "factually different" from *Jones v. State,* supra, et al. Miller, J., dissenting, at 255.[4] Judge White dissents for the reasons stated in his dissenting opinion in *Jones;* Presiding Judge McCormick dissents to affirming an order of acquittal.

The majority in *Jones v. State,* supra, relies, *inter alia,* on the opinions in *Garrett v. State,* 749 S.W.2d 784 (Tex.Cr.App. 1986), in deciding the parties charge issue.

Note 2—Continued
subjects of manslaughter, self-defense, and reasonable doubts. The question is, whether or not this charge of the court, with reference to the facts of this case, was not calculated to mislead the jury. The great jurists of England and America have never been able to devise a charge which would be applicable to every case. Indeed, so vain is the task, it has never been essayed. A charge, which may properly direct the minds of the jury to the true point in one case, may mislead the jury in another, where a different turning point is indicated by the facts of it. It may be erroneous, too, by failing to present the distinctions between the different grades of the offense, where the facts, conflicting and leading to different conclusions, require such distinctions to be drawn, so as to enable the jury to determine to which grade the offense belongs. *Mitchells' Case.* 5 Yerg. 350. By neglecting this, the jury may as easily be misled, as in any other way."
*Id.,* at 529.
The Old Code prescriptions for a charge to the jury were enacted against that background of prior statutes and previous decisions, and we are entitled to presume that the legislature was aware of those judicial constructions and had them in mind as it mandated trial judges to deliver "a written charge *distinctly* setting forth *the law applicable to the case.*" See Code Construction Act, 3 V.T.C.A., Government Code § 311.023.

3. The prevailing opinion on State's motion for rehearing in *Romo v. State,* supra, is the product of four regular members of an equally divided Court and a Special Judge who concurred. *Inter alia,* the opinion holds "that in the absence of an objection, when the trial court fails to apply the law of parties to the facts of the case, it is not fundamental error." *Id.,* at 302. While my concern here is with implementing requisites of law pertaining to a jury charge, not preservation of error and its consequences, I do observe that such holding of *Romo* has been mooted by *Almanza v. State,* supra, *viz:* Unobjected error may still be fundamental in nature, but is reversible only when "egregious error."

4. As Judge Miller perceives it, the difference lies in the precise placement of abstract parties definitions in relation to the application paragraph. His premise is that there is an appellate presumption the jury considers all preceding abstract portions of the charge when it comes to address the application paragraph authorizing the jury to find guilt. *Ibid.* Therefore, he reasons, since the jury is "supposed to consider the charge as a whole unless misinstructed to do otherwise, ... from a sufficiency standpoint, unless the state otherwise evidenced an intent that the application paragraph have a particular or narrowed meaning, we too should consider the charge as a whole in considering whether the jury's verdict was a rational one." *Ibid.,* n. 1; see also at 249.

At 668–669. It concludes as a matter of law that "a charge which fails to apply a theory of law to the facts of the case is insufficient to authorize conviction on that theory even when the theory of law is abstractly defined in the charge." *Id.*, 815 S.W.2d at 670. Accordingly, the majority finds the evidence insufficient to support a verdict finding appellant guilty as the principal actor (i.e., as a party to the offense committed by his own conduct, V.T.C.A. Penal Code, § 7.01(a)) *Id.*, at 670–671. Judge Miller concurs, believing the factual situation indistinguishable from *Garrett v. State*, supra.[5]

Presiding Judge McCormick dissents primarily because he believes recent opinions, e.g., *Garrett v. State*, supra, and *Nickerson v. State*, 782 S.W.2d 887 (Tex.Cr.App. 1990), have "reviewed only the application section of the charge to determine whether the evidence in each case is sufficient," Dissenting Opinion, at 674, while opinions in other cases have "looked to other parts of the charge," thus producing "necessarily perplexing" results, *id.*, at 675. His solution is to abandon the proposition that courts must determine sufficiency of evidence to support a verdict of guilt from the jury charge, in favor of a notion that measures sufficiency "against the State's theory of the case," *id.*, at 676, by "presupposing a hypothetically correct jury charge," *id.*, at 678.

For his part, Judge White is equally insistent that matters *dehors* the charge be taken into account in testing sufficiency "against the entire charge." White, J., dissenting, at 678, 680.

The concurring and dissenting opinions in these two causes, *Walker* and *Jones*, as well as in *Garrett*, reach beyond the issue of an instruction on parties to reveal widely divergent fundamental concepts underlying the purpose and function of a trial court charging a jury on the law applicable to the facts of a given case. That they surface at this late date—more than one hundred and fifty years since basic rules were author-

itatively formulated in this jurisdiction to govern the practice, see note 2, *ante* 249 suggests a desire, if not determination, to introduce into our criminal law jurisprudence new notions of regulating jury charges and appellate review of that aspect of trial by jury.

Yet, if we but follow the doctrine of *stare decisis*, resolution of the immediate problem is not difficult. It is now axiomatic that in a proper case such as this one, the abstract law of parties should be specifically applied to the facts of the case. *Johnson v. State*, 739 S.W.2d 299, at 304–305 (Tex.Cr.App.1987); *Jaycon v. State*, 651 S.W.2d 803, at 806–808 (Tex.Cr.App. 1983); *Rasmussen v. State*, 608 S.W.2d 205, at 207–208 (Tex.Cr.App.1980) (Opinion on Original Submission); *Apodaca v. State*, 589 S.W.2d 696, at 698 (Tex.Cr.App.1979); *Savant v. State*, 544 S.W.2d 408 (Tex.Cr. App.1976); *Harris v. State*, 522 S.W.2d 199, at 202 (Tex.Cr.App.1975); *McCuin v. State*, 505 S.W.2d 827, at 830 (Tex.Cr.App. 1974); *Oliver v. State*, 160 Tex.Cr.R. 222, 268 S.W.2d 467, at 470 (1954); *Barnes v. State*, 145 Tex.Cr.R. 131, 166 S.W.2d 708, at 710 (1942); *Crisp v. State*, 125 Tex.Cr.R. 603, 69 S.W.2d 772 (1934); *Gentry v. State*, 24 Tex.App. 478, 6 S.W. 321 (1887), and cases cited therein; *Howell v. State*, 661 S.W.2d 293, at 294 (Tex.App.—Houston [1st]) no PDR history; see also 2 Branch's Annotated Penal Code (2nd Ed.1956) 3–5, Art. 66, and Branch's Annotated Penal Code (1916) 346, § 678; for suggested instructions, see e.g., McClung, Jury Charges for Texas Criminal Practice (Rev.Ed.1990) 15; McCormick & Blackwell, Texas Criminal Forms § 64.01, 8 Texas Practice 304–303; State Bar of Texas, Texas Criminal Pattern Jury Charges, CPJC 7.02(a)(2) (1975); 1 Branch's Texas Annotated Penal Code (3d Ed.1974) 257, § 7.02(a)(2); *Oates v. State*, 67 Tex.Cr.R. 488, 149 S.W. 1194, at 1197 (1912); *Hunter v. State*, 59 Tex. Cr.R. 439, 129 S.W. 125, at 134–135 (1910). See *Brown v. State*, 716 S.W.2d 939 (Tex. Cr.App.1986) (Campbell, J., concurring and dissenting, at 950).

**5.** In light of his dissenting opinion in the instant cause, Judge Miller must deem significant the fact that in *Jones* the abstract parties definition

came *after* the application paragraph, as did the instruction on transferred intent in *Garrett*.

Because a charging instrument need not, and thus ordinarily will. not, allege *any* theory of criminal responsibility under V.T.C.A. Penal Code, §§ 7.01 and 7.02, the trial court is obliged to submit instructions that conform to the discrete theory raised by the evidence.[6] Merely to reproduce abstract portions of §§ 7.01 and 7.02 amounts to no application of the law to the facts whatsoever. "The failure of the court to apply the law to the specific facts [is] equivalent to giving no guidance to the jury on the basic theory of appellant's liability." *Romo*, supra (Onion, P.J., dissenting, at 306.

Moreover, when the evidence raises that defendant is criminally responsible for conduct of another, taking "shortcuts" in the application paragraph by positing that defendant committed the offense "either acting alone or with [named party or 'another'] as a party to the offense as that term is hereinbefore defined" will mislead the jury if there is no evidence that the offense was committed alone by his conduct; nor will it sufficiently inform the jury which specific manner(s) of conduct enumerated in § 7.02(a)(2), i.e., "solicits, encourages, directs, aids, or attempts to aid" or some combination thereof, may permit it to find alternative criminal responsibility. *Johnson v. State*, supra, at 305, n. 4; *State Bar of Texas*, supra, § 7.02(a)(2);[7] *McClung*, supra, at 16, PC Sec. 7.01, para 4.[8]

Reminiscent of pronouncements made by the Supreme Court of Texas when it was exercising appellate jurisdiction in criminal law matters, see note 2, *ante*, are verities stated by Judge Odom and followed by the Court during the Seventies, *viz:*

"The law must come from the court, the facts must be decided by the jury, and the charge, to instruct the jury properly, must apply the law to the facts raised by the evidence. * * * *

* * * * There should be but one controlling application of the law to the facts, and that application should come from the court. Its absence impairs the right to trial by jury and, therefore, by

---

6. The indictment in this cause allege simply that appellant "did then and there, intentionally and knowingly, without the effective consent of [named] owner thereof, enter a building not then and there open to the public, with intent to commit theft[.]"

Among the first four numbered paragraphs, some with subparagraphs, of abstract matters consuming three legal size pages, the last two subparagraphs deal abstractly with the law of parties, *viz:*

"All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense."

Tr. 45, at 47.

The fifth paragraph purports to apply the law to the facts, solely in terms of the indictment, adding a short converse instruction. *Id.*, at 48.

7. In pertinent part, that pattern charge recommends part, *viz:*

"* * * *

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he *solicits* 2 the other person to commit the offense.

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant either by his own conduct _____, or, acting with intent to promote or assist the commission of offense, *solicited* 5 _____ to commit the offense charged, as defined above, and that the said _____ did _____...."

---
* * * * * *

2 Or *encourages* or *directs* or *aids* or *attempts to aid.*

* * * * * *

5 Or *encouraged* or *directed* or *aided* or *attempted to aid.*

(emphasis in original)

8. Having set forth an abstract statement of law of parties, McClung similarly suggests an application paragraph based selectively on the evidence, *viz:*

"Now if you find from the evidence beyond a reasonable doubt that .. : CD did intentionally or knowingly cause the death of an individual, XY ... and that the defendant, AB, acted with intent to promote or assist the commission of the offense by CD by (encouraging) (directing) (aiding) (attempting to aid) CD to commit the offense of causing the death of XY, you will...."

definition, is 'calculated to injure the rights of the defendant,' (Art. 36.19, supra) to a trial by jury.

It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and to prevent confusion. A charge that does not apply the law to the facts fails to lead the jury to the threshold of its duty: to decide those fact issues. A charge that leaves application of the law to the facts solely in the hands of the partisan advocates does not guard against the confusion that such partisan claims inspire. Because a charge should affirmatively lead and dispel confusion, and because a charge that does not apply the law to the facts fails to give such guidance, error of this character should remain the subject of a per se rule."

*Williams v. State*, 547 S.W.2d 18, at 20 (Tex.Cr.App.1977); Accord: *Williams v.*

9. Whether pleadings tender an issue as an element of the offense, or the law contemplates it as a matter germane to guilt, e.g., complicity, causation, *et cetera,* the governing principle is the same: Any factual issue submitted to the jury must be raised by, and should be framed in accordance with and limited to, the evidence in the case. See McCormick & Blackwell, Texas Criminal Forms and Trial Manual § 80.01, 8 Texas Practice 229 ff.

"Conduct does not constitute an offense unless it is *defined* as an offense by statute [or other valid law]." V.T.C.A. Penal Code, 1.03(a). " 'Conduct' means an act or omission and its *accompanying* mental state." *Id.,* 1.07(a)(8). A penal statute usually defines an offense in terms of "the forbidden conduct," "the required culpability," and "any required result" that constitute elements of a particular offense. *Id.,* 1.07(a)(13). Thus beginning with Title 4 of the Penal Code the format throughout is to introduce the definition of an offense with this pointed opening: "A person commits an offense if ...," followed by a statement that identifies essential elements of that offense. Of course, sometimes the statute may provide more than one manner and means of committing the same offense.

Accordingly, the Court has admonished that in informing the jury of the law defining the offense at issue the trial judge must take care to set out only that portion of the definition of the offense alleged in the charging instrument and raised by evidence. *Dowden v. State*, 537 S.W.2d 5, at 7 (Tex.Cr.App.1976); see *Boston v.*

*State*, 622 S.W.2d 578, at 579 (Tex.Cr.App. 1981).

Since sufficiency of evidence is tested by the charge of the court as given, *Boozer v. State*, 717 S.W.2d 608, at 610–611 (Tex.Cr. App.1984), failure or refusal of the court properly to apply the law of parties to facts of the case risks an ultimate acquittal of defendant, just as ordered in this cause and in *Jones.*[9]

For these reasons I concur in the judgment of the Court.

MALONEY, J., joins.

MILLER, Judge, dissenting.

I dissent to the majority's holding that the sufficiency of the evidence in the case at bar will be judged solely by the contents of the application paragraph of the court's charge and not by the contents of the charge as a whole.

*State*, 642 S.W.2d 799, at 803, n. 6 (Tex.Cr.App. 1982).

"Except as provided in Subsection (b) of this section, a person does *not* commit an offense *unless* he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct *as the definition of the offense requires.*" V.T.C.A. Penal Code, § 6.02(a). Thus the "unless" clause recognizes that "conduct" comprises distinct types of elements that must be distinguished to avoid confusing the proof requirements of respective culpable mental states, *viz:* "nature of conduct," "circumstances surrounding conduct" and "result of conduct." See *Lugo–Lugo v. State*, 650 S.W.2d 72 (Tex.Cr.App. 1983) (also Clinton, J., dissenting, at 86–87). The correct aspect of culpable metal state to be identified and applied to the facts depends on the type of element of conduct called for in the statutory definition of the offense alleged. *Id.,* at 87–88; *Alvarado v. State*, 704 S.W.2d 36, 38 (Tex.Cr.App.1985). For example, the appropriate culpable mental state for assaultive offenses such as causing injury to a child or elderly or invalid individual is the "result of conduct" element, e.g., *Haggins v. State*, 785 S.W.2d 827, 828 (Tex.Cr.App.1990); *Kelly v. State*, 748 S.W.2d 236, 238–239 (Tex.Cr.App.1988); *Alvarado v. State,* supra, 704 S.W.2d at 38.

The lessons here have not changed in substance since the Supreme Court of Texas taught them in criminal cases from the beginning until 1876. See again n. 2, *ante;* cf. e.g., *Edwards v. State*, 96 Tex.Cr.R. 574, 259 S.W. 578 (1924); *Smith v. State*, 67 Tex.Cr.R. 27, 148 S.W. 699, at 700–701 (1912).

*Boozer v. State,* 717 S.W.2d 608 (Tex.Cr. App.1986), *Benson v. State,* 661 S.W.2d 708 (Tex.Cr.App.1983), *Ortega v. State,* 668 S.W.2d 701 (Tex.Cr.App.1983), *Garrett v. State,* 749 S.W.2d 784 (Tex.Cr.App.1986) (opinion on rehearing), *Arceneaux v. State,* 803 S.W.2d 267 (Tex.Cr.App.1990), and *Nickerson v. State,* 782 S.W.2d 887 (Tex. Cr.App.1990), stand for the proposition that sufficiency of the evidence "be measured against the jury charge, which we interpret to mean the entire charge. [footnote omitted]" *Garrett,* 749 S.W.2d at 802.

True, we did measure sufficiency solely from the application paragraph in *Garrett,* 749 S.W.2d 784, and *Nickerson,* 782 S.W.2d 887, but, as explained in those cases and others cited in *Nickerson,* this is the proper analytical procedure when the application paragraph increases or heightens the States burden of proof and the State, either silently of overtly, acquiesces in that heightenment. In *Garrett* this occurred when the State's theory of guilt rested entirely on the doctrine of transferred intent, the application paragraph did not mention or allude to the doctrine of transferred intent, the charge instructed the jury on that theory *after* the application paragraph, but the application paragraph instructed the jury to base its verdict only on the law given *before* the application paragraph. Thus the State accepted the burden of proving the defendant's guilt without the benefit of the law of transferred intent, since the jury was specifically instructed to reach a verdict without considering the law of transferred intent. In *Nickerson* the State's theory of guilt rested entirely on the law of parties, the charge instructed the jury on the law of parties in the abstract portion of the charge, the first of two application paragraphs did not mention or allude to the

doctrine of parties and facially required that the defendant be convicted as a principal, the second/alternative application paragraph misapplied the law of parties and required that the defendant be convicted as a principal. While we could have silently applied the law of parties to the first application paragraph and found the evidence sufficient, we instead found that the attempted application of the law of parties in the second application paragraph demonstrated that the first application paragraph stood alone and offered the State's theory of the case that the defendant was guilty as a primary actor. Thus the State accepted the burden of proving the defendant's guilt without the benefit of the law of parties in either application paragraph.

Thus *Garrett* and *Nickerson,* upon closer scrutiny, are not meant to support the proposition that in *all* cases we will look solely to the application paragraph in determining sufficiency.

This cause *sub judice* is factually different from *Garrett, Nickerson,* and *Jones v. State,* 815 S.W.2d 667 (Tex.Cr.App. MRH denied this day). Here the law of parties is contained in the abstract portion of the charge and thus, along with the rest of the contents of the abstract portion of the charge, is presumed considered by the jury when they follow the instructions in the application paragraph since there is nothing in the charge to suggest otherwise (such as wording in the application paragraph that heightens the State's burden as in *Garrett* and *Nickerson* ).[1] Moreover, in both *Garrett* and *Jones,* the abstract charges on the theories of transferred intent and the law of parties came *after* the application paragraph which had specifically directed the jury's attention to the *preceding* instructions in the charge when ap-

---

1. If the majority's idea is that an application paragraph that facially contains a State's theory of guilt as a primary actor holds the State to a higher burden of proof than an application paragraph that facially contains a State's theory of guilt as a party, then at least we are closer to a meeting of the minds in this matter. Still, because of the nature and character of the court's charge I believe the majority would be wrong in that idea. The jury is supposed to

consider the charge as a whole unless misinstructed to do otherwise, and thus, from a sufficiency standpoint, unless the state otherwise evidenced an intent that the application paragraph have a particular or narrowed meaning, we too should consider the charge as a whole in considering whether the jury's verdict was a rational one. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

plying the law to the facts. There was "no way [ ] the application paragraph ... [could] be construed to refer to the abstract definition, ... even 'reading the charge as a whole' ..." *Garrett,* 749 S.W.2d at 789, n. 6. In this cause, there is no language in the jury charge limiting the jury's consideration of abstract definitions to only the "preceding" or "foregoing" instructions in the charge. Thus I would hold the evidence sufficient considering the charge as a whole. Because the majority holds otherwise, I dissent.

McCORMICK, Presiding Judge, dissenting.

For the reasons set forth in my dissenting opinion in *Ex parte Haron Stephens,* 806 S.W.2d 812 (Tex.Cr.App.1991), I dissent to the entry of the order of acquittal.

WHITE, Judge, dissenting.

For the reasons set forth in my dissenting opinion in *Jones v. State,* 815 S.W.2d 667 (Tex.Cr.App., 1991) (motion for rehearing overruled this day), I respectfully dissent to the majority opinion.