Edwin Neal BIGGINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 317–90.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 8, 1992.

Rehearing Denied Feb. 26, 1992.

Molly Meredith Lenoir, Dallas, for appellant.

John Vance, Dist. Atty., and Carolyn Fitzgerald Levin, Asst. Dist. Atty., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of unlawful delivery of a controlled substance. The court assessed punishment at sixty years confinement. The Court of Appeals affirmed. *Biggins v. State*, No. 05–88–01409–CR (Tex.App.—Dallas 1990). Appellant filed a petition for discretionary review urging four grounds for review. We granted Appellant's first ground for review. We will reverse.

On January 25, 1988, Mike White, a narcotics investigator working undercover, visited a residence in Hamilton Park in Dallas County, where he discussed purchasing cocaine with a man named Columbus Duran. Duran agreed to contact someone who would obtain cocaine for White and then made a telephone call. Shortly after Duran made the telephone call, appellant arrived at the residence. Appellant and Duran had a conversation, out of White's hearing, and made several telephone calls. White was then instructed to take appellant and Duran to Hall Street to get the cocaine.

White drove appellant and Duran to the Cut–Rate Liquor Store. Appellant told White he would get the cocaine as cheaply as possible, probably for about $80.00. White gave appellant a one-hundred dollar bill. Appellant and Duran left the automobile and entered the liquor store, spoke to a sales person, left the store, and approached some apartments. *Duran* returned approximately ten minutes later and *handed White a plastic bag containing cocaine.* A short time later, appellant returned, got into the automobile, and asked White if the cocaine was any good. White responded that the cocaine looked fine. After driving appellant and Duran to another residence, White returned to the police department and turned over the cocaine to the evidence officer.

The indictment alleged the offense of delivery of a controlled substance, cocaine, by actual transfer:

[Appellant] on or about the 25th day of January [1988] . . . did unlawfully, knowingly and intentionally deliver, to-wit: actually transfer, a controlled substance, to-wit: COCAINE in an amount by aggregate weight including any adulterants or dilutants of less than 28 grams, to MIKE WHITE.

The jury charge contained an abstract instruction on the law of parties in accordance with Tex. Penal Code Ann. §§ 7.01 and 7.02(a)(2). That portion of the jury charge, which immediately preceded the application paragraph, read:

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Each party to an offense may be charged with the commission of the offense.

Mere presence alone at the time and the place of the commission of an offense, if any was committed, does not constitute one criminally responsible as a party to the offense.

However, the law of parties was not incorporated within the application paragraph. The State did not object to the application paragraph which read:

Now, if you find from the evidence beyond a reasonable doubt that the defendant, in Dallas County, Texas, on or about the 25th day of January, 1988, did knowingly or intentionally deliver, to-wit: actually transfer a controlled substance, to wit: cocaine in an amount by aggregate weight including any adulterants or dilutants of less than 28 grams, to Mike White, as alleged in the indictment, then you will find the defendant guilty of the offense of delivery of a controlled substance, and so say by your verdict.

Unless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict, not guilty.

On direct appeal, appellant argued the evidence was insufficient to support his conviction. The Court of Appeals rejected appellant's argument and affirmed.

At the time of its decision, the Court of Appeals did not have the benefit of our recent decisions in *Jones v. State*, 815 S.W.2d 667 (Tex.Cr.App.1991) and *Walker v. State*, 823 S.W.2d 247 (Tex.Cr.App.1991). In *Jones* and *Walker* we held that in order for the jury to be authorized to convict one as a party, the law of parties must be incorporated within the application paragraph of the jury charge. The State has not presented any argument not previously considered by this Court. Therefore, we find the disposition of the instant case is controlled by *Jones* and *Walker*.

The evidence established that Duran, not appellant, made the actual delivery to White; appellant acted only as a party. Although the abstract portion of the jury charge defined the law of parties, the law of parties was not incorporated within the application paragraph which authorized the jury's verdict. Therefore, the evidence is insufficient to support the only verdict of guilty which the jury was authorized to return. Accordingly, the judgment of the Court of Appeals is reversed and the case is remanded to the trial court for the entry of a judgment of acquittal.

McCORMICK, P.J., dissents to the entry of an order of acquittal.

MILLER, J., dissents for the reasons stated in *Walker v. State*, supra (MILLER, J., dissenting).

WHITE, J., dissents.

CLINTON, Judge, concurring on appellant's petition for discretionary review.

This is another in a plethora of causes measuring sufficiency of evidence against

the charge given the jury under the aegis of *Benson v. State,* 661 S.W.2d 708 (Tex. Cr.App.1982–1983) (opinions on rehearing), and its progeny.

Referring to "our most recent decisions in *Jones v. State,* 815 S.W.2d 667 (Tex.Cr. App.1991) and *Walker v. State,* 823 S.W.2d 247 (Tex.Cr.App.1991)," the Court pointedly notices that "[t]he State has not presented any argument not previously considered by this Court." Majority Opinion, at 180.* Accordingly, the Court confirms the relevant operative rules extant in this jurisdiction, *viz:*

> "... Although the abstract portion of the jury charge defined the law of parties, the law of parties was not incorporated within the application paragraph which authorized the jury verdict. Therefore, the evidence is insufficient to support the only verdict of guilty which the jury was authorized to return."

*Ibid.* See also *Walker v. State,* supra (Clinton, J., concurring).

With those observations offered in aid of finally settling these issues, I join the opinion and judgment of the Court.

---

* What it means is that this time the affected district attorney seeks to compensate for the fact that he "originally failed to recognize on direct appeal ... *the absence of the parties theory of liability in the application portion of the charge,*" and therefore addresses the issue in light of the State's view of *Benson* and its followings, including *Garrett v. State,* 749 S.W.2d 784, 801 (Tex.Cr.App.1986–1988) (Opinion on Rehearing), and *Nickerson v. State,* 782 S.W.2d 887 (Tex.Cr.App.1990). State's Brief on the Merits, at 8, 9–15. (All emphasis here and throughout this opinion is mine unless otherwise indicated.)

The point is underscored by the fact that on October 23, 1991, the Court denied State's motion for rehearing in *Walker v. State,* supra, in which the sole ground challenges an order of acquittal under our state standard for testing evidentiary sufficiency, *viz:*

"This Court has failed to consider recent federal case law which demonstrates that this Court's *Garrett–Jones* [1] doctrine—the doctrine that judges the sufficiency of the evidence by focusing upon the application paragraph of the charge in isolation—is 'a state procedural nuance foreign to federal constitutional norms.' [2] The Court's attempted application of the federal doctrine enunciated in *Jackson v. Virginia, Burks,* and *Greene* [3] has been expressly repudiated by the federal courts as a matter of federal law. Since it is now clear that the *Garrett–Jones* doctrine is purely a creation of Texas law, this Court should apply the previous Texas decisions which require the cause to be remanded for a new trial." Motion, at 1–2 [citations in footnotes omitted].