Richmond v. State 










WITHDRAWN 6-11-92





IN THE
TENTH COURT OF APPEALS
 

No. 10-91-167-CR

     JOHN WAYNE RICHMOND,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 12,342
                                                                                                    

O P I N I O N
                                                                                                    

      John Wayne Richmond appeals his conviction for burglary of a building. Richmond was
found guilty by a jury, and, as a result of two prior convictions that enhanced the range of
punishment, the jury assessed punishment at ninety-nine years in prison. Because we find the
evidence insufficient to sustain the conviction in light of the jury charge, we reverse the judgment
and remand the cause for entry of a judgment of acquittal.
      The indictment in this case alleged Richmond committed the burglary as a primary actor. The
court's charge included an abstract instruction on the law of parties. The application paragraph
tracked the language of the indictment but failed to include any reference to the immediately
preceding general instruction on the law of parties. In Jones v. State, 815 S.W.2d 667, 669 (Tex.
Crim. App. 1991), the Court of Criminal Appeals held that in order for the jury to be authorized
to convict one as a party, the law of parties must be included in the application paragraph of the
charge. Since the law of parties was not included in the application paragraph, we must determine
whether the evidence is sufficient to find Richmond guilty by his own conduct. Since this is a
circumstantial evidence case, we must determine whether the evidence excludes every reasonable
hypothesis other than the guilt of Richmond as the primary actor. See Walker v. State, 823
S.W.2d 247, 249 (Tex. Crim. App. 1991).



      Richmond was an inmate of the Texas Department of Criminal Justice Institutional Division,
Hughes Unit, in Coryell County. Lieutenant Joe Missildine testified that during the 11:00 p.m.
count on October 13, 1990, two inmates were discovered to be missing. After a lockdown of the
entire unit, Missildine was notified that a manhole cover of the prison drainage system tunnel had
been disturbed. He testified that he climbed down a ladder into the drainage system and
discovered that the bars on both sides of the ladder had been cut. Missildine sent Officer Saunders
to the back gate where the drainage system tunnel exited the prison. There they found a cutting
torch, a flashlight, and dyed prison clothing. Missildine also testified that, when he went back
inside the unit to get a camera, he noticed that the maintenance shop had been broken into. 
According to Missildine, a window had been opened, the window screen was removed, and the
door had been opened.
      Alfred Lozano, a correctional officer at the Hughes Unit, testified that at about 7:30 p.m.,
during an earlier count, he saw Richmond and another inmate, Danny Strong, at their assigned
positions in the boiler room. Another corrections officer, David McBride, testified that, when
they discovered two inmates were missing, he reported that Richmond and Strong had left a note
at their assigned positions. Although the note said they were in the kitchen with another inmate,
Richmond and Strong could not be found there either.
      Robert Jeffcoat, the maintenance supervisor at the Hughes Unit, testified that the maintenance
shop was relatively close to the boiler room. According to Jeffcoat, he was called to the unit at
midnight to inventory the shop after Richmond and Strong were discovered missing. Jeffcoat
testified that a brazing torch was missing from the shop area and a radio was missing from the
office area. He also noticed flashlights missing from the building. Jeffcoat identified a
photograph of the cutting torch found at the drainage exit as that of a modified brazing torch taken
from the maintenance shop.
      Mark Scott, the grievance coordinator at the Hughes Unit, testified that he found Richmond
lying in a field several miles north of the prison at about 10:45 a.m. on October 14. According
to Scott, when Richmond was found in the field outside the prison, he was wearing prison cloths
that had been dyed black.
      One reasonable possibility is that Richmond entered the maintenance building and removed
the welding torch, flashlights, and radio. Another reasonable hypothesis is that, although
Richmond participated in the theft of the property used by the two inmates in their escape, he
waited outside the building or in the drainage system while the other inmate actually entered the
building. This is entirely consistent with the evidence. Specifically, the state offered no evidence
that Richmond's fingerprints were discovered inside the maintenance shop or that stolen property
or burglar's tools were discovered in his possession. Therefore, the evidence does not exclude
the reasonable hypothesis that Richmond was guilty only as a party. Because we find the evidence
is insufficient to support the conviction when viewed in light of the charge given, we do not reach
Richmond's remaining points of error. We reverse the judgment and remand the cause to the trial
court with instructions to enter a judgment of acquittal.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded with instructions
Opinion delivered and filed June 3, 1992
Do not publish
(WITHDRAWN 6-11-92)