**Manuel Saenz GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–492–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 20, 1992.

---

**28**

Abel Toscano, Jr., Harlingen, for appellant.

Juan A. Guerra, County Dist. Atty., Raymondville, for appellee.

Before NYE, C.J., and SEERDEN and BISSETT[1], JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of indecency with a child and assessed punishment at eight years' probation. Appellant raises four points of error in his brief. The State has chosen not to respond to appellant's claims of reversible error. We reverse and remand.

■ By his first point of error, appellant complains that the evidence is insufficient to support the verdict. In reviewing this point, we consider whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). Appellant was indicted for intentionally and knowingly engaging in sexual contact with a child, T.M., by touching her breasts with the intent to arouse and gratify his sexual desire on or about November 7, 1985. Tex.Penal Code Ann. § 21.11 (Vernon 1989) states that a person commits an offense if, with a child younger than 17 years and not his spouse ... he engages in sexual contact with the child. Tex.Penal Code Ann. § 21.01 (Vernon 1989) defines "sexual contact" as touching the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. At the time of the alleged offense, appellant was a second grade elementary school teacher in Lyford, Texas. The complainant was a student in appellant's class in 1985. At trial in 1991, she testified that once when she was in the classroom appellant "got behind" her and "hugged" her and "rubbed" her breasts

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

several times. She did not remember whether other students were in the classroom when the alleged incident happened, although in her initial statement she stated that two other students were with her when the touching allegedly happened. She also testified that she told her mother about the touching incident, but her mother did not believe her. The child did not complain further until four years later. At that time, the child testified, she had heard about certain students being lectured about "good" and "bad" touches and she told a school counselor about this touching incident. Appellant testified these allegations were untrue; however, the evidence of the complaining witness alone is such that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Appellant's first point is overruled.

By his second point of error, appellant complains that the trial court erred in admitting evidence of extraneous offenses over his timely objection, injuring his right to be tried on the offense charged only and thus denying him a fair trial. We agree.

In the case in chief, over appellant's objection, the State called four witnesses who testified about uncharged acts of misconduct allegedly committed by appellant with third parties. The first witness, A.V., a twelve year old girl at the time of trial, testified that during the 1986–87 school year she was in appellant's class for the first part of the year. At that time she often became upset and cried easily. She testified that appellant "would take me into the closet and hug me and kiss me." On the day that she remembers this incident happening, she had been crying because a boy had said a "bad word" to her. She stated that after this incident she told her mother. A.V. said it happened again two or three days later and that she and her mother reported the incident to the Superintendent of the school and to Principal Darlene Perez. As a result, she was removed from appellant's classroom. (This statement was contradicted by Principal Perez who testified that A.V. was afraid of appellant because he had a "rough-gruff" voice which scared her.) A.V. also testified that she never reported the incident to anyone else but her mother and the Superintendent until the time of trial.

A.G., another twelve year old child, testified that she was a student in appellant's classroom in 1986 and that once during that year appellant attempted to kiss her on the cheek while she was walking out of his classroom. She punched him and said "watch it buster" and ran off. She also stated that during appellant's class she would see other students sitting on appellant's lap and sometimes they would comb his hair.

V.M., also a twelve year old child, testified that she was in appellant's second grade class in 1986–87, and that appellant took her into a closet located inside the classroom, locked the door and kissed her on the mouth. She did not remember how many times appellant kissed her and hugged her. She also saw other children sit on appellant's lap and hug him and kiss him on the cheek, like she did.

Irma Saldana, a retired school district employee, was working as a community aide at the elementary school during the time of the alleged offenses. She testified that once while working in the principal's office she received a phone call for appellant and went to tell him. When she arrived at his classroom, the door was open and appellant was standing near the door, stooped over, kissing a young girl.

■ *Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim.App.1990) (on rehearing), contains a thorough and exhaustive discussion of the law of evidence as it relates to the admission or exclusion of extraneous acts. Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R.Crim.Evid. 401; *Montgomery*, 810 S.W.2d at 386. All relevant evidence is admissible, except where provided otherwise by the Rules of Criminal Evidence. Tex.R.Crim.Evid. 402; *Montgomery*, 810 S.W.2d at 386. Evidence of other crimes, wrongs, or acts are not admissible to prove

the character of a person in order to show that he acted in conformity therewith. Tex.R.Crim.Evid. 404(b). Such evidence may be admissible, however, if it has relevance *apart from* its tendency to prove the character of a person in order to show that he acted in conformity therewith. *Id.; Montgomery*, 810 S.W.2d at 387. Therefore, a party may introduce such evidence where it logically serves to make "more probable or less probable" an elemental fact; where it serves to make "more probable or less probable" an evidentiary fact that inferentially leads to an elemental fact; or where it serves to make "more probable or less probable" defensive evidence that undermines an elemental fact. *Montgomery*, 810 S.W.2d at 387. Examples of permissible purposes to which evidence of other crimes, wrongs or acts may be put are proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Tex. R.Crim.Evid. 404(b); *Montgomery*, 810 S.W.2d at 387.

■ Whether objected-to evidence of other crimes, wrongs, or acts has relevance apart from character conformity is a question for the trial court. *Montgomery*, 810 S.W.2d at 391. The trial court must conclude that the evidence tends in logic and common experience to serve some purpose other than character conformity to make the existence of a fact of consequence more or less probable that it would be without the evidence. *Id.* An appellate court should not reverse the trial court whose ruling was within the zone of reasonable disagreement. *Id.* An appellate court should not make a *de novo* review of the record with a view of making a wholly independent judgment whether the probative value of the extraneous act is substantially outweighed by the danger of unfair prejudice. *Id.* at 392. Appellate review, however, requires more than merely deciding that the trial court did in fact conduct the required balancing and did not simply

rule arbitrarily and capriciously. *Id.* This court should measure the trial court's ruling against the relevant criteria by which a Rule 403 decision is to be made. *Id.*

■ This approach is faithful to the Court of Criminal Appeals' long tradition of determining the admissibility of extraneous acts by reviewing not only the relevance of the evidence, but the State's need for it as well. *Id.;* (citing, e.g. *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App. 1972)). That is, evidence of extraneous acts has been held admissible, among other things, to prove scienter, where intent or guilty knowledge is an essential element of the State's case *and cannot be inferred from the act itself.* In *Montgomery*, the Court held that where relevant criteria, viewed as objectively as possible, lead to the conclusion that the danger of unfair prejudice substantially outweighed the probative value of the proffered evidence, the appellate court should declare that the trial court erred in failing to exclude it. Relevant criteria, gleaned from prior authorities, include the fact that the State had other convincing evidence to establish the ultimate issue to which the extraneous act was relevant.[2] When the record reveals that this or other criteria reasonably leads to a risk that the probative value of the tendered evidence is substantially outweighed by unfair prejudice, then an appellate court should conclude that the trial court acted irrationally in failing to exclude it, and thus abused its discretion.

■ The State, in the present case, offered the extraneous act evidence to show appellant's intent to arouse or gratify his sexual desire. The evidence elicited by the complaining witness was that appellant grabbed her, placed his hands on her breasts, and rubbed them several times. The State further elicited from the complainant that the rubbing was "like a massage." The intent to arouse sexual desire can be inferred from this testimony. In-

---

2. Other relevant criteria listed in the *Montgomery* decision include 1) that the ultimate issue was not seriously contested by the opponent; 2) that the probative value of the misconduct was not, either alone or in combination with other evidence, particularly compelling; or 3) that the misconduct was of such a nature that a jury instruction to disregard it for any but its proffered purpose would not likely have been efficacious.

deed, this would be the only plausible explanation for the conduct testified to by T.M., the complaining witness. In testifying in his own defense, appellant denied touching T.M. He stated that this testimony was untrue.

The testimony of the extraneous act witnesses showed that two of the children were crying when appellant allegedly kissed them. A third was walking out of the classroom after school. Other testimony indicated that appellant was an affectionate person, and that many children kissed and hugged appellant. Appellant's testimony revealed that he was in fact an emotional and affectionate person and that he often hugged and kissed children on the cheek, sometimes as they were leaving class and at times during the class. The circumstances of those acts are not of such a nature that appellant's intent to gratify could be inferred from any one of them. The testimony of the three children who accused appellant of kissing or attempting to kiss them was lengthy, sometimes contradictory, and emotionally charged. In most instances, the testimony indicated that most of the kissing was on the cheek, not on the lips. Appellant was forced to defend himself not only against the charged offense, but also against the uncharged extraneous acts. We conclude that the State had no compelling need to show that appellant kissed other students to show his specific intent to arouse or gratify his sexual desire. Even if this evidence were relevant, its probative value is marginal. Its prejudicial value, however, is great. Sexually related misconduct and misconduct involving children are inherently inflammatory. *Montgomery*, 810 S.W.2d at 397. Our review of the record in this case shows that the prosecution's focus was on appellant's character rather than on the offense for which he was indicted. The intent to sexually arouse was neither discussed nor was it necessarily implied in connection with any of the extraneous acts. On the other hand, sexual arousal could have been inferred from the act testified to by the complaining witness. The conclusion is inescapable that appellant was tried and convicted primarily for his personal character and not for the specific offense for which he was charged. This is impermissible. *Montgomery*, 810 S.W.2d at 372. We conclude that the trial court erred in admitting evidence of the extraneous acts. Moreover, we are not convinced beyond a reasonable doubt that the error in admitting the extraneous offenses made no contribution to the verdict. *See* Tex. R.App.P. 81(b)(2). We reverse the trial court's judgment and remand for a new trial. Because of our disposition of this point, it is unnecessary to discuss appellant's remaining points. *See* Tex.R.App.P. 90(a).