Brandon Michael Gray v.State














IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00176-CR

     BRANDON MICHAEL GRAY,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the Criminal District Court
Jefferson County, Texas
Trial Court # 83723
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Brandon Michael Gray pleaded guilty to aggravated sexual assault. Pursuant to a plea
bargain, the court deferred an adjudication of guilt and placed Gray on community supervision
for ten years. The court subsequently adjudicated Gray’s guilt and sentenced him to twenty
years’ imprisonment. Gray contends in two points that: (1) the court erred by accepting his
guilty plea without admonishing him that he would have to register as a sex offender; and (2)
he received ineffective assistance of counsel during the adjudication hearing.
      Gray’s first point concerns the admonishments the court gave him prior to accepting his
guilty plea in the July 2001 hearing which led to the deferred adjudication order. Gray should
have made this complaint in an appeal from the deferred adjudication order. Manuel v. State,
994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); Munson v. State, 987 S.W.2d 905, 906
(Tex. App.—Waco 1999, pet. dism’d). His decision to do so at this juncture is untimely. 
Accordingly, we dismiss Gray’s first point.
      Gray avers in his second point that he received ineffective assistance of counsel during the
hearing on the State’s motion to adjudicate. Article 42.12, section 5(b) of the Code of
Criminal Procedure prohibits Gray from raising these contentions on appeal. Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); Connolly v. State, 983 S.W.2d
738, 741 (Tex. Crim. App. 1999); see also Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim.
App. 1992) (art. 42.12, § 5(b) bars appellant from asserting denial of right to counsel by direct
appeal). Accordingly, we dismiss his second point.
      Some courts would dismiss this appeal for want of jurisdiction. E.g., Perinon v. State, 54
S.W.3d 848, 849 (Tex. App.—Corpus Christi 2001, no pet.). We disagree with this approach. 
The Court of Criminal Appeals has plainly and repeatedly stated that, “[o]nce a notice of
appeal has been timely filed in a case, the Court of Appeals obtains jurisdiction over the case.” 
Bayless v. State, 91 S.W.3d 801, 803 n.2 (Tex. Crim. App. 2002); accord Jones v. State, 796
S.W.2d 183, 186 (Tex. Crim. App. 1990). Thus, Gray’s notice of appeal conferred
jurisdiction on this Court.
      We have dismissed all of Gray’s points because, although we have jurisdiction, we may
not address either of the claims he asserts. See Bayless, 91 S.W.3d at 803 n.2. Accordingly,
we affirm the judgment. See Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992).
                                                                   PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed March 17, 2004
Publish 
[CRPM]



ired a handgun
twice as they left the premises.
      Cisneros’s primary defensive theory was to call into question the State’s allegation that he
fired the handgun with intent to cause Eagans’s death. Cisneros moved for a directed verdict
on this issue at the close of the State’s case-in-chief. His closing argument focused almost
exclusively on this issue.
      Cisneros places primary reliance on the cases of Castillo v. State, 910 S.W.2d 124 (Tex.
App.—El Paso 1995, pet. ref’d, untimely filed), and Garcia v. State, 827 S.W.2d 27 (Tex.
App.—Corpus Christi 1992, no pet.). In each of those cases, the court held that the trial court
abused its discretion by admitting evidence of an extraneous offense or offenses because intent
could be inferred from the act itself, thus eliminating the State’s need for the evidence. 
Castillo, 910 S.W.2d at 128; Garcia, 827 S.W.2d at 30-31. Both courts relied on the decision
of the Court of Criminal Appeals in Montgomery v. State, where the Court held that evidence
of an extraneous offense is admissible to prove intent “where intent or guilty knowledge is an
essential element of the State’s case and cannot be inferred from the act itself.” Castillo, 910
S.W.2d at 127-28 (quoting Montgomery, 810 S.W.2d 372, 392 (Tex. Crim. App. 1991) (op.
on reh’g)); Garcia, 827 S.W.2d at 30 (same).
      The fact that Cisneros fired a handgun was not contested at trial. However, the direction
in which he fired the handgun and his reasons for firing it were vigorously disputed. These
issues relative to his intent were virtually the only aspect of the State’s case Cisneros
challenged at trial. Because Cisneros contested the element of intent, we cannot say that the
court abused its discretion by admitting the extraneous offense evidence to prove intent.
      Cisneros’s first issue is overruled.
DEADLY WEAPON FINDING
      Cisneros contends in his second issue that the court submitted a defective special issue on
the use of a deadly weapon because it did not require the jury to determine whether he
personally used or exhibited a deadly weapon during commission of the offense or whether he
knew that a deadly weapon would be used or exhibited.
      When a defendant is being prosecuted under the law of parties and the State seeks a deadly
weapon finding, the State must obtain a finding that the defendant personally used or exhibited
the weapon or the defendant knew that a weapon would be used or exhibited by another party
to the offense. See Barnes v. State, 56 S.W.3d 221, 240 (Tex. App.—Fort Worth 2001, pet.
ref’d); Taylor v. State, 7 S.W.3d 732, 740-41 (Tex. App.—Houston [1st Dist.] 1999, no pet.).
      Cisneros contends that he was convicted under the law of parties and therefore this type of
special finding was required in his case to sustain a deadly weapon finding. It is true that the
court’s charge included some abstract instructions regarding the law of parties and accomplice
testimony. However, the application paragraph made no reference to the law of parties. Cf.
Plata v. State, 926 S.W.2d 300, 304 (Tex. Crim. App. 1996) (to obtain conviction on law of
parties, application paragraph must authorize verdict under that theory); Biggins v. State, 824
S.W.2d 179, 180 (Tex. Crim. App. 1992) (same). Thus, we conclude that Cisneros was
convicted on the basis of his own conduct and not for acting as a party to the offense.
      When the indictment alleges as here that the defendant used a “gun,” which is not a deadly
weapon by design, a deadly weapon finding is appropriate if the jury returns a finding that the
gun was a deadly weapon. Ex parte Beck, 769 S.W.2d 525, 528 (Tex. Crim. App. 1989). 
Here, the trial court instructed the jury that a firearm is a deadly weapon.


 The evidence
supports a finding that Cisneros personally used a firearm in the commission of the offense.
      Because Cisneros was not convicted under the law of parties, the court did not err by
failing to instruct the jury that it must find that Cisneros personally used a deadly weapon or
knew that a deadly weapon would be used before the jury could return an affirmative deadly
weapon finding.
      Cisneros’s second issue is overruled.
      The judgment is affirmed.
 
                                                                   FELIPE REYNA
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna
Affirmed
Opinion delivered and filed July 14, 2004
Publish
[CRPM]