COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JUNIOUS LEWIS HEARD,
)
 No. 08-02-00253-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 70th District Court

)


THE STATE OF TEXAS,
)
 of Ector County, Texas

)


 Appellee.
)
 (TC# A-27,568)



MEMORANDUM OPINION



 Junious Lewis Heard appeals his conviction for murder. A jury found Appellant guilty and
assessed punishment at forty-five years' imprisonment. Finding no evidentiary error, we affirm.

FACTUAL SUMMARY

 On April 24, 1999, sisters Darlena Rand and Audrea Heard purchased crack cocaine and gin
and returned to their mother's home where they lived along with Audrea's husband, Appellant, and
his mother, who suffered from Alzheimer's disease. They found Appellant standing at the front
door. Darlena recommended that they not go inside since Appellant was there, but Audrea said they
should. Appellant began yelling at Audrea. The sisters entered the house, went into Darlena's
bedroom, and locked the door. They then smoked crack for about thirty minutes and drank some of
the gin. Appellant began beating on the bedroom door and Audrea opened it to see what he wanted. 
Appellant asked for Audrea's address book and wanted her to dial a number. After dialing the
number, Audrea went back into the bedroom and the sisters continued drinking. When Appellant
knocked on the door a second time, Audrea again went to see what he wanted. Darlena stood in the
doorway and saw that Appellant and Audrea seemed to be embracing; she then shut her bedroom
door again. 

 In the early morning hours of April 25, Darlena heard Audrea scream her name. Darlena
grabbed scissors from her bedroom and ran to help her. Darlena saw Appellant stabbing Audrea, and
she began hitting him in the back with the scissors. Appellant then turned toward Darlena with a
knife, pushed her out of the way, and ran out of the door. Darlena screamed for her mother and
called 911. Upon arrival, the paramedics checked Audrea's pulse and breathing and started
treatment even though they did not detect a pulse. She had two stab wounds: one on the right arm
and one through the chest. 

 Appellant claimed that Audrea voluntarily entered their bedroom around 2:15 a.m. while he
was speaking to his mother. She had come in to get her socks because she was leaving the house. 
Appellant believed that Audrea was going outside to flag down cars to prostitute herself for money
to buy more crack. Appellant asked Audrea to stay and turned around to lock the bedroom door. 
When he turned back around, Audrea had a knife in her hands and a struggle ensued. Appellant
remembered his mother telling them to stop, and he was leaving the bedroom as Darlena was
approaching. Appellant claimed he did not stab his wife and that he did not know that she was
injured. 

EXTRANEOUS OFFENSE EVIDENCE

 Appellant filed a motion in limine objecting to the State's disclosure of intent to use evidence
falling under Rule 404(b). The State argued the incidences were admissible to show intent, motive,
absence of mistake, the common scheme of the relationship, and the nature of the relationship
between Appellant and Audrea. The trial court granted the motion as to Appellant's use of
controlled substances, as to his assault upon Audrea on August 12, 1997, and as to assaults between
January 1, 1997 and April 25, 1999. The court denied the motion as to Appellant's threat to kill
Audrea on May 3, 1998, his choking and hitting Audrea on October 23, 1998, and his threats to kill
Audrea between January 1, 1997 and April 25, 1999. He ruled that the threats of death, particularly
those involving a deadly weapon, were relevant to the issues of motive and intent. However, the
judge intended to allow evidence of family violence only if specific as to the date. On the day of
trial, the judge decided that he would admit incidences of domestic violence as an indication of the
prior relationship between the Appellant and Audrea under Code of Criminal Procedure Article
38.36. Appellant objected based on the relevance, materiality, and prejudicial nature of the evidence. 
 When Darlena was questioned at trial regarding Appellant's prior conduct toward Audrea,
Appellant objected again based on materiality, relevance, and the prejudicial nature of the testimony. 
Appellant also objected that the State's use did not fit within the exceptions of intent, motive, or
opportunity under Rule 404(b). The judge overruled these objections. Darlena testified that on May
3, 1998, Appellant was ranting and raving because he could not get into the bathroom and he claimed
that Audrea had someone hidden inside. Appellant had a knife, and Audrea asked him to leave the
house. Audrea and Darlena locked the door, but Appellant continued to beat on the door while
holding the knife. Darlena was concerned for Audrea's safety. Then, on October 23, 1998,
Appellant assaulted Audrea, picking her up by her throat, calling her names, and threatening to kill 

her. Darlena testified that this was not the first time Appellant had threatened Audrea, nor was it the
last. Appellant would get violent with Audrea once or twice a week. The last time Appellant
threatened to kill Audrea was two weeks before her death. ADMISSION UNDER RULE 404(b) AND ARTICLE 38.36

 As a rule, an accused may not be tried for some collateral crime or for being a criminal
generally. Tex.R.Evid. 404(b); Williams v. State, 662 S.W.2d 344, 346 (Tex.Crim.App. 1983). In
the face of a proper objection, evidence of other wrongful acts is not admissible to prove the
character of the person to establish that he acted accordingly regarding the alleged offense. 
Montgomery v. State, 810 S.W.2d 372, 386 (Tex.Crim.App. 1990); Lazcano v. State, 836 S.W.2d
654, 657 (Tex.App.--El Paso 1992, pet. ref'd). An extraneous offense may be admissible, however,
if it has relevance apart from its tendency to prove the character of a person in order to show that he
acted in conformity therewith. Montgomery, 810 S.W.2d at 387; Lazcano, 836 S.W.2d at 657. 
Evidence which logically serves such purposes as "proof of motive, opportunity, intent, preparation,
plan, knowledge, identity, or absence of mistake or accident" is relevant beyond its tendency to prove
conforming character. Montgomery, 810 S.W.2d at 387; Lazcano, 836 S.W.2d at 657; Tex.R.Evid.
404(b). Extraneous offenses are also admissible to rebut a defensive theory. Yohey v. State, 801
S.W.2d 232, 236 (Tex.App.--San Antonio 1990, pet. ref'd). Finally, in a murder prosecution,
evidence relating to the previous relationship between the defendant and the deceased is admissible,
as is evidence relating to the condition of the defendant's mind at the time of the offense. Tex.Code
Crim.Proc.Ann. art. 38.36(a)(Vernon Pamphlet 2004).

 Whether objected-to evidence of other crimes, wrongs, or acts has relevance apart from
character conformity is a question for the trial court. Montgomery, 810 S.W.2d at 391; Castillo v.
State, 910 S.W.2d 124, 127 (Tex.App.--El Paso 1995, pet. ref'd). The trial court must conclude that
the evidence tends in logic and common experience to serve some purpose other than character
conformity to make the existence of a fact of consequence more or less probable than it would be
without the evidence. Id. An appellate court should not reverse the trial court whose ruling was
within the zone of reasonable disagreement. Id.

 The indictment alleged that Appellant intentionally and knowingly caused the death of
Audrea Heard by stabbing her with a knife, a deadly weapon. Because Appellant contended that
his conduct was not intentional or knowing, the jury was also given manslaughter, criminal
negligence, and aggravated assault charges. The jury was also instructed regarding self defense. 
Consequently, Appellant's intent was a material issue at trial. Evidence that Appellant had assaulted
and threatened to kill Audrea on previous occasions was evidence of an ongoing course of violent
conduct toward Audrea and tended to make it more probable than not that it was Appellant's desire
to cause Audrea's death. The evidence also reveals Appellant's state of mind at the time of the
offense and tends to rebut his defensive theories. However, even if evidence is properly admitted
under Article 38.36, it must still meet the requirements of Rule 404(b) and withstand the balancing
test under Rule 403, just as evidence under Rule 404(b) must also meet the balancing test under Rule
403. See Smith v. State, 5 S.W.3d 673, 679 (Tex.Crim.App. 1999); Montgomery, 810 S.W.2d at 389.

ADMISSION UNDER RULE 403


 In his sole point of error, Appellant challenges the trial court's admission of his threats
against Audrea under Rule 403, asserting that the probative value of the evidence is outweighed by
the danger of unfair prejudice. Rule 403 provides: 


 Although relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or misleading
the jury, or by considerations of undue delay, or needless presentation of cumulative
evidence. 

Tex.R.Evid. 403. Extraneous offense evidence, which is relevant beyond proof of character
conformity, is presumed admissible subject to exclusion under Rule 403 only if the opponent of the
evidence timely objects and demonstrates that the danger of unfair prejudice substantially outweighs
its probative value. Montgomery, 810 S.W.2d at 389; Lazcano, 836 S.W.2d at 657. An appellate
court should not engage in a de novo review of the record in order to determine whether the
probative value of the extraneous act is substantially outweighed by the danger of unfair prejudice. 
Montgomery, 810 S.W.2d at 392; Castillo, 910 S.W.2d at 127. In conducting our review, we must
measure the trial court's ruling against the relevant criteria by which a Rule 403 decision is to be
made. Id.

 Relevant criteria include whether the ultimate issue was not seriously contested by the
opponent; whether the State had other convincing evidence to establish the ultimate issue to which
the extraneous misconduct was relevant; whether the probative value of the misconduct evidence
was not, either alone or in combination with other evidence, particularly compelling; and whether
the misconduct was of such a nature that a jury instruction to disregard it for any but its proffered
purpose would not likely have been efficacious. Montgomery, 810 S.W.2d at 392-93. Under this
approach, we determine the admissibility of extraneous offense evidence by reviewing not only the
relevance of that evidence, but the State's need for it as well. See id. at 392; Garcia v. State, 827
S.W.2d 27, 30 (Tex.App.--Corpus Christi 1992, no pet.). Applying this criteria to the issue of intent,
evidence of extraneous acts is admissible to prove scienter, where intent or guilty knowledge is an
essential element of the State's case and cannot be inferred from the act itself. See Montgomery, 810
S.W.2d at 392; Garcia, 827 S.W.2d at 30.

 Appellant generally argues that the evidence was prejudicial and that the admission of the
evidence was not needed to prove his intent. He contends that the record is replete with evidence
of the two chaotic days surrounding and leading to Audrea's death and that the State never claimed
a lack of evidence showing intent before offering the evidence at trial. However, Appellant's
defensive theories controverted the State's case against him. The State used the continuing course
of violent conduct towards Audrea to refute Appellant's theory of self defense. Appellant was
charged with intentionally and knowingly causing Audrea's death; without this evidence, the State
would not have been able to prove Appellant's state of mind and intent at the time of the offense,
and the jury could not have found that he intentionally and knowingly caused Audrea's death instead
returning a verdict of manslaughter, criminal negligence, or aggravated assault. See Williams v.
State, 927 S.W.2d 752, 758 (Tex.App.--El Paso 1996, pet. ref'd)(holding that evidence of extraneous
offenses shed light on Appellant's state of mind at the time of the offense and rebutted Appellant's
defensive theories that the victim was the aggressor and Appellant acted under sudden passion);
Pena v. State, 864 S.W.2d 147, 150 (Tex.App.--Waco 1993, no pet.)(holding that Appellant's threats
to kill his wife by cutting her throat were relevant to show their previous relationship and Appellant's
state of mind at the time of the offense). Therefore, the evidence possessed significant probative
value. Although any extraneous offense results in some prejudicial effect, the evidence in this case
did not result in unfair prejudice to Appellant. Due to the substantial probative value of this
evidence, the trial court did not abuse its discretion in admitting it over Appellant's objections. The 

sole point of error is overruled and the judgment affirmed.

April 8, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)