Abel CISNEROS, Appellant

v.

The STATE of Texas, Appellee.

No. 10–01–00283–CR.

Court of Appeals of Texas,
Waco.

July 14, 2004.

David S. Barron, Bryan, for Appellant.

Whitney T. Smith, Leon County Asst. District Attorney, Centerville, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

FELIPE REYNA, Justice.

A jury convicted Abel Cisneros of attempted capital murder. The trial court assessed his punishment at twenty-eight years' imprisonment. Cisneros contends in two issues that: (1) the court abused its discretion by admitting evidence of an extraneous offense during the guilt-innocence phase; and (2) the court submitted an erroneous special issue to the jury concerning Cisneros's use of a deadly weapon. We will affirm.

### EXTRANEOUS OFFENSE

Cisneros contends in his first issue that the court abused its discretion by admitting evidence of an extraneous of-

fense similar to the offense for which he was on trial because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. In particular, Cisneros contends that the State had no need to prove the extraneous offense because the requisite intent could be inferred from his conduct during the commission of the offense for which he was convicted.

To sustain the conviction, the State had to prove that Cisneros acted with intent to cause the death of the complainant, Danny Chris Eagans. *See* TEX. PEN.CODE ANN. §§ 15.01, 19.02(b)(1) (Vernon 2003), § 19.03(a)(2) (Vernon Supp.2004). It is undisputed that Cisneros fired a handgun as his accomplices and he left Eagans's home, which they had burglarized. Eagans testified that Cisneros aimed a gun "right at him" and fired several shots.

Cisneros told an investigator that he fired three shots to scare Eagans. His accomplices agreed that Cisneros had fired the handgun, but they did not see in what direction he fired it. The accomplices likewise told the investigator that Cisneros fired the handgun to scare Eagans.

The State called Jose Espinoza to testify about what happened during a similar incident about two months after the Eagans burglary. Espinoza caught Cisneros and the same accomplices driving away from his home after burglarizing it. Espinoza testified that when he confronted them Cisneros "kept cussing me out telling me to give him money or they were going to shoot me and I would die...." One of Cisneros's accomplices fired a handgun twice as they left the premises.

Cisneros's primary defensive theory was to call into question the State's allegation that he fired the handgun with intent to cause Eagans's death. Cisneros moved for a directed verdict on this issue at the close of the State's case-in-chief. His closing argument focused almost exclusively on this issue.

Cisneros places primary reliance on the cases of *Castillo v. State*, 910 S.W.2d 124 (Tex.App.-El Paso 1995, pet. ref'd, untimely filed), and *Garcia v. State*, 827 S.W.2d 27 (Tex.App.-Corpus Christi 1992, no pet.). In each of those cases, the court held that the trial court abused its discretion by admitting evidence of an extraneous offense or offenses because intent could be inferred from the act itself, thus eliminating the State's need for the evidence. *Castillo*, 910 S.W.2d at 128; *Garcia*, 827 S.W.2d at 30–31. Both courts relied on the decision of the Court of Criminal Appeals in *Montgomery v. State*, where the Court held that evidence of an extraneous offense is admissible to prove intent "where intent or guilty knowledge is an essential element of the State's case *and cannot be inferred from the act itself.*" *Castillo*, 910 S.W.2d at 127–28 (quoting *Montgomery*, 810 S.W.2d 372, 392 (Tex. Crim.App.1991) (op. on reh'g)); *Garcia*, 827 S.W.2d at 30 (same).

The fact that Cisneros fired a handgun was not contested at trial. However, the direction in which he fired the handgun and his reasons for firing it were vigorously disputed. These issues relative to his intent were virtually the only aspect of the State's case Cisneros challenged at trial. Because Cisneros contested the element of intent, we cannot say that the court abused its discretion by admitting the extraneous offense evidence to prove intent.

Cisneros's first issue is overruled.

## DEADLY WEAPON FINDING

■ Cisneros contends in his second issue that the court submitted a defective special issue on the use of a deadly weapon because it did not require the jury to determine whether he personally used or

exhibited a deadly weapon during commission of the offense or whether he knew that a deadly weapon would be used or exhibited.

 When a defendant is being prosecuted under the law of parties and the State seeks a deadly weapon finding, the State must obtain a finding that the defendant personally used or exhibited the weapon or the defendant knew that a weapon would be used or exhibited by another party to the offense. *See Barnes v. State,* 56 S.W.3d 221, 240 (Tex.App.-Fort Worth 2001, pet. ref'd); *Taylor v. State,* 7 S.W.3d 732, 740–41 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

Cisneros contends that he was convicted under the law of parties and therefore this type of special finding was required in his case to sustain a deadly weapon finding. It is true that the court's charge included some abstract instructions regarding the law of parties and accomplice testimony. However, the application paragraph made no reference to the law of parties. *Cf. Plata v. State,* 926 S.W.2d 300, 304 (Tex. Crim.App.1996) (to obtain conviction on law of parties, application paragraph must authorize verdict under that theory); *Biggins v. State,* 824 S.W.2d 179, 180 (Tex. Crim.App.1992) (same). Thus, we conclude that Cisneros was convicted on the basis of his own conduct and not for acting as a party to the offense.

 When the indictment alleges as here that the defendant used a "gun," which is not a deadly weapon by design, a deadly weapon finding is appropriate if the jury returns a finding that the gun was a deadly weapon. *Ex parte Beck,* 769 S.W.2d 525, 528 (Tex.Crim.App.1989). Here, the trial court instructed the jury

that a firearm is a deadly weapon.[1] The evidence supports a finding that Cisneros personally used a firearm in the commission of the offense.

Because Cisneros was not convicted under the law of parties, the court did not err by failing to instruct the jury that it must find that Cisneros personally used a deadly weapon or knew that a deadly weapon would be used before the jury could return an affirmative deadly weapon finding.

Cisneros's second issue is overruled.

The judgment is affirmed.

---

1. Cisneros did not object to the instructions in the charge regarding the deadly weapon issue.