**Juan BLANCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–94–00352–CR.**

Court of Appeals of Texas,
El Paso.

Dec. 19, 1996.

Kristina K. Voorhies, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for Appellee.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## *OPINION*

CHEW, Justice.

A jury found Juan Blanco guilty of burglary of a habitation, and the court assessed punishment at 10 years' in prison, suspended the sentence and placed him on 10 years' community supervision. He appeals complaining of the sufficiency of the evidence. We reverse and remand with instructions that the trial court enter a judgment of acquittal.

The indictment read as follows:

### *PARAGRAPH A*

[Blanco] did then and there unlawfully, intentionally and knowingly and without the effective consent of WALTER EDWARD SCHNEIDER, enter a habitation owned by the said WALTER EDWARD

---

SCHNEIDER, and did then and there commit and attempt to commit theft,

### PARAGRAPH B

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further say, charge and present in and to said Court at said Terms, that JUAN BLANCO on or about the 15th day of December, 1993, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, did then and there unlawfully, intentionally and knowingly, enter a habitation without the effective consent of WALTER EDWARD SCHNEIDER, the owner thereof, with intent to commit theft. . . .

Blanco's codefendant, Emilio Chavez, was charged by an identical indictment with the same offense. They were tried together.

At trial, Schneider's neighbors, sisters Rosalinda Montoya and Elia Rhoden, testified that at about 12:30 p.m., December 15, 1993, they saw a gray car parked in front of Schneider's house. They saw a man in the driver's seat and a man in Schneider's front yard. The man in the car stayed in the car, but the man in the yard went around to the side of the house and went inside.

Schneider testified that he arrived soon after and parked on the street behind the gray car. He got out and walked past the gray car and as he walked by, he ducked down to say hello to the man in the car. As Schneider approached the house, Montoya and Rhoden came across the street, told him that someone was in the house, and handed him a portable phone to call the police. The man in the car then drove away. Schneider testified that two pellet guns and a bowl containing some old coins were missing from his house and that someone had moved from their usual places a clock radio, a camera, and other small items.

Less than a mile from Schneider's house at about 12:44 p.m., El Paso Police Officer John Hernandez stopped the car occupied by Chavez and Blanco. Officer Martin Ramirez took Rhoden to Chavez and Blanco's car, where she identified the two men as those she had seen at Schneider's house.

Chavez testified. He produced store receipts that he said, showed he and Blanco were shopping for auto parts at the time of the burglary. He said he paid for an auto part at Bob Hoy at 11:57 a.m. on the day of the burglary. They left Bob Hoy between noon and 12:10 p.m. and went to Yearwood Speed & Custom. They were there about 30 minutes and bought some truck parts, he said. They then went to a barbecue restaurant and got there about 12:45 p.m. After leaving the restaurant, they were going to Auto Zone when police stopped them. Chavez testified he had never been on Dale Road, the site of Schneider's house, and had not burglarized Schneider's house.

Blanco also testified and told a story similar to that told by Chavez.

The jury charge contained an abstract instruction on the law of parties. The application paragraph, however, read as follows:

Now if you find from the evidence beyond a reasonable doubt that on or about the 15th day of December, 1993 in El Paso County, Texas, the defendants, EMILIO ANDRES CHAVEZ and JUAN BLANCO, did then and there unlawfully, intentionally and knowingly enter a habitation without the effective consent of WALTER EDWARD SCHNEIDER, the owner thereof, with intent to commit theft, then you will find the defendants guilty as charged.

Blanco complains that the evidence is legally insufficient to support the judgment because the State presented no evidence from which a rational trier of fact could have found that Blanco committed the burglary as a principal and the jury charge did not allow the jurors to convict Blanco as a party.

 In order to convict a defendant as a party, the law of parties must be incorporated into the jury charge's application paragraph, even though the jury charge contains an abstract instruction on the law of parties. *Biggins v. State*, 824 S.W.2d 179 (Tex.Crim. App.1992). See also *Walker v. State*, 823 S.W.2d 247 (Tex.Crim.App.1991), *cert. denied*, 503 U.S. 939, 112 S.Ct. 1481, 117 L.Ed.2d 624 (1992); *Jones v. State*, 815

S.W.2d 667 (Tex.Crim.App.1991); *Garrett v. State*, 749 S.W.2d 784 (Tex.Crim.App.1986).

Here, the jury charge contained an abstract explanation of the law of parties, but the explanation was not included in the application paragraph. The conviction can stand only if the State presented sufficient evidence to prove Blanco acted as a principal, that is, to prove that Blanco "did then and there unlawfully, intentionally and knowingly, enter" Schneider's house. No witness testified that Blanco entered the house. In fact, the uncontroverted evidence shows that Blanco did not enter the house. Blanco could only have been convicted as a party.

Because the evidence is legally insufficient to support the judgment, this Court must reverse the judgment and remand to the trial court for an entry of a judgment of acquittal. *Graham v. State*, 643 S.W.2d 920, 924 (Tex. Crim.App.1981).

The State agrees that under current law, Blanco is entitled to an acquittal. The State, however, invites this Court to reexamine the issue of requiring the explanation of the law of parties to be in the application paragraph. We decline to do so.

We sustain Blanco's point of error, reverse the trial court's judgment, and render a judgment of acquittal.