IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00260-CR

 

Andrew Roberts, Jr.,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2002-979-C

 



MEMORANDUM 
Opinion



 








          Rodrigo
Barnes, a childhood friend of Andrew Roberts, Jr., was carjacked at gunpoint by
a neighborhood gang.  Roberts knew the
gang members and was in the back seat of Barnes’s parked Mercedes Benz when the
carjacking occurred.  Barnes had been
trying to get Roberts out of the vehicle before the robbery, but Roberts was
detaining him.  Barnes believed Roberts
was setting him up for the robbery by signaling the gang while sitting in the
back seat.  Roberts and two of the gang
members who pled guilty to aggravated robbery said he did not assist in the
robbery.  Roberts was convicted of
aggravated robbery.  He was sentenced to
thirty-five years in prison.  We affirm.

          Roberts
first contends that the evidence is factually insufficient to support his
conviction as a party to the aggravated robbery.  Viewing the evidence under the appropriate
standard of review, we find the evidence factually sufficient to support the
conviction.  Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004). Issue one is overruled

          Roberts
argues in his next two issues that the trial court committed fundamental error
in permitting a State’s witness to allegedly testify about Roberts’s culpable
mental state and about Barnes’s truthfulness. 
Roberts did not object to this alleged testimony.  The failure to object to the admissibility of
evidence forfeits complaints about admissibility on appeal.  Saldano
v. State, 70 S.W.3d 873, 888-890 (Tex. Crim. App. 2002).  Issues two and three are not preserved for
our review.  Tex. R. App. P. 33.1.

          In
his last two issues, Roberts contends that the trial court erred in its charge
to the jury.  Specifically, in issue
four, he claims the charge erroneously shifted the burden of proof as to the
law of parties from the State to him.  In
issue five, he contends the court erred in failing to submit a charge on
unanimity.

When reviewing charge errors, an appellate court
must undertake a two-step review: first, the court must determine whether error
actually exists in the charge, and second, the court must determine whether
sufficient harm resulted from the error to require reversal.  Abdnor
v. State, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994); Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985) (on rehearing).

The portion of the charge of which Roberts first
complains is a converse charge on the law of parties:

You are further instructed that the mere
presence of the defendant at the scene of the aggravated robbery, if any, would
not constitute him a party to the offense, and if you should find from the
evidence beyond a reasonable doubt that Ernest Proctor, Dominque Bentencourt,
Demarcus Carr, Michael Calhoun or Darren Williams did then and there commit the
said Aggravated Robbery as aforesaid, but
you further find and believe from the evidence, or you have a reasonable doubt
thereof, that the defendant, Andrew Roberts, Jr., did not agree to, or solicit,
encourage, direct, aid, or attempt to aid Ernest Proctor, Dominque
Bentencourt, Demarcus Carr, Michael Calhoun or Darren Williams in the
commission of the said Aggravated Robbery, then you will find the defendant,
Andrew Roberts, Jr., not guilty of the offense of Aggravated Robbery as alleged
in the indictment.

 

(Emphasis added.).

To support his issue on appeal, Roberts relies
solely on a case from San Antonio that held the submission of a converse charge was erroneous.  See
Allen v. State, 686 S.W.2d 685,
689-690 (Tex. App.—San Antonio 1985, no pet.). 
Even if Allen is properly
decided, it is not controlling in this case. 
In Allen, the charge only
abstractly defined the law of parties; it did not apply the law of parties to
the facts of the case.  The law of
parties must be incorporated within the application paragraph of the jury
charge to authorize the jury to convict a defendant as a party.  Biggins
v. State, 824 S.W.2d 179, 180 (Tex. Crim. App. 1992).  But because the converse paragraph in Allen was the only paragraph in the
charge which addressed the defendant’s criminal responsibility, the San Antonio Court held that the converse charge improperly
shifted the burden of proof on criminal responsibility to the appellant.  Allen,
686 S.W.2d at 690.

In Roberts’s case, the court’s charge included
an abstract instruction on the law of parties:

All persons are parties to an offense who are
guilty of acting together in the commission of an offense.  A person is criminally responsible as a party
to an offense if the offense is committed by his own conduct, by the conduct of
another for which he is criminally responsible, or by both.

 

A person is criminally responsible for an
offense committed by the conduct of another if, acting with intent to promote
or assist the commission of the offense, he solicits, encourages, directs, aids
or attempts to aid the other person to commit the offense.  Mere presence alone will not constitute one a
party to an offense.

 

Immediately after this abstract instruction, the
charge applied the law of parties to the facts of the case:

Now if you find from the evidence beyond a
reasonable doubt that on or about the 11th day of July, 2002, in McLennan
County, Texas, that Ernest Proctor, Dominque Bentencourt, Demarcus Carr,
Michael Calhoun or Darren Williams, while in the course of committing theft of
property, and with intent to obtain and maintain control of said property, did
intentionally or knowingly threaten or place Rodrigo Barnes, in fear of
imminent bodily injury or death, and did then and there use and exhibit a
deadly weapon, to-wit:  a firearm, and
that the defendant, Andrew Roberts, Jr., knew of the unlawful intent, if any,
of Ernest Proctor, Dominque Bentencourt, Demarcus Carr, Michael Calhoun or
Darren Williams to rob Rodrigo Barnes, and that he acted with intent to promote
or assist the commission of the offense by soliciting, encouraging, directing,
aiding or attempting to aid Ernest Proctor, Dominque Bentencourt, Demarcus
Carr, Michael Calhoun or Darren Williams, to commit the offense of Aggravated
Robbery, then you will find the defendant Andrew Roberts, Jr., guilty of
aggravated robbery.

 

Unless you so find beyond a reasonable doubt, or
it you have a reasonable doubt thereof, you will acquit the defendant of
aggravated robbery.

 

Immediately after this instruction, came the
converse charge previously quoted.  The
jury was charged on the law of parties in the abstract and in the application paragraph of the law to the facts of the
case.  Because these necessary
instructions were also given, the converse charge does not shift the burden of
proof from the State to Roberts.  Thus,
the trial court did not err.

There is some disagreement between the parties
as to whether Roberts objected to the portion of the charge for which he now
complains on appeal.  This disagreement
is important in determining what the proper harm analysis would be if there is
error in the charge.  Because the trial
court did not err in submitting the charge, a decision on whether or not
Roberts properly objected to the charge is unnecessary.

Issue four is overruled.  

Roberts next contends that the trial court
failed to submit a charge on unanimity because, he claims, the charge as
submitted did not require members of the jury to unanimously agree to the
identity of at least one of the five principals named in the primary
offense.  The cases cited by Roberts do
not stand for the proposition that the trial court must submit a charge on
unanimity in this particular fact situation. 
He presents no authority for his proposition.  See
Tex. R. App. P. 38.1(h).  Issue five is inadequately briefed and
presents nothing for review. See Long v. State, 137 S.W.3d 726, 737 (Tex. App.—Waco 2004, no pet.).

The trial court’s judgment is affirmed.

 

                                                                    TOM GRAY

                                                                   Chief
Justice

 

Before Chief Justice Gray,

         
Justice Vance, and

         
Justice Reyna

(Justice Vance dissenting with note)*

Affirmed

Opinion delivered and filed October 27, 2004

Do not publish

[CRPM]

 

* “(Justice Vance dissents with a note:  I would reverse the judgment for factual
insufficiency.  Roberts’ counsel presents
a detailed, three-page analysis of the evidence, which the majority does not
even acknowledge.  I continue to believe
that we owe it to the litigants, the higher courts, the Bench and Bar, and the
public generally to provide more of the facts and our analysis in memorandum
opinions, particularly when counsel presents a rational argument that is being
rejected.  It is hard to understand why
the majority will not provide the basic facts necessary to understand why the
Appellant brought the issues or the reasons for rejecting them.)”